## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
WYE OAK TECHNOLOGY, INC., |
|
Plaintiff, |
| **Civil No. 1:10-cv-01182-RCL**
v. |
|
REPUBLIC OF IRAQ, et al. |
|
Defendant. |
|

## MOTION TO CONTINUE DEFENDANTS' DISCOVERY RESPONSE DUE DATES AND TO WITHDRAW AS DEFENDANTS' COUNSEL OF RECORD WITHOUT SUBSTITUTION

Counsel of record for Defendants Republic of Iraq ("Iraq") and the Ministry of Defense of the Republic of Iraq ("MoD") (collectively, "Defendants"), the law firm Maggs & McDermott LLC and its attorney Timothy B. Mills and attorney Craig C. Reilly ("Defendants' Counsel"), hereby respectfully move this Court: (1) pursuant to Rules 16 and 26(c) of the Federal Rules of Civil Procedure and the Court's inherent control over its docket, to enter an order granting an additional 75-day stay and relief from the discovery due dates (from February 29, 2016 through April 28, 2016) to provide Defendants with sufficient time to address and cure internal difficulties that have precluded Defendants from responding to Plaintiffs' First and Second Set of Discovery Requests; and (2) failing Defendants' cure of internal difficulties and production of discovery responses within the 75 days, then grant the withdrawal of current Defendants' Counsel as counsel of record for Defendants for all purposes in this action.

As good cause shown in support of this Motion, Defendants' Counsel show as follows.

# I. **INTRODUCTION**

## A.    **Background**

Iraq's lead United States counsel, attorney Timothy B. Mills, has represented Iraq and various Iraqi juridical entities in numerous civil litigation matters in the United States and abroad continuously since May 2004, when the Coalition Provisional Authority ("CPA") turned over the exercise of authority to the Ministry of Justice in preparation for the turnover of sovereignty to the Interim Iraqi Government on June 28, 2004.

Between 2004 and present, Mr. Mills has traveled to Iraq repeatedly to coordinate litigation work, to confer with officials at the Iraqi Ministry of Justice (which generally directs all litigation against Iraq and governmental entities), and to confer with officials at the Iraqi Ministries, agencies, or instrumentalities that may have been involved in particular litigation in the courts of the United States or other nations.  Under the direction of the Iraqi Ministry of Justice and with the assistance of the particular juridical entity, Mr. Mills has conducted the gathering and production of evidence in several other cases, including from 2008 through 2012 in the international cases of *Kuwait Airways Corporation v. Iraqi Airways Company*, then pending before the Superior Court of Quebec sitting in Montreal, Canada (the "Canadian Action"), and *Kuwait Airways Corporation v. Iraqi Airways Company*, then pending before the Queens Bench Division of the High Court of Justice of England and Wales (the "English Action").  In those cases, Mr. Mills had lead counsel responsibility for document production by defendant Iraqi Airways Corporation that spanned several months, including multiple several-week stints at the headquarters of Iraqi Airways Corporation and Iraqi governmental offices in Baghdad that: (a) resulted in Iraqi Airways Corporation meeting all discovery obligations in the

Canadian Action; and (b) ultimately cured a multi-year discovery default in the English Action that pre-dated Mr. Mills becoming involved in the English Action in April 2010. (*Id.*, ¶ 6).

Defendants' Counsel has been working diligently for, and at the direction of, the Republic of Iraq for several years.   As authorized and instructed, Defendants' Counsel (i) asserted the sovereign immunity defense and litigated that defense through an interlocutory appeal and petition for certiorari; (ii) filed other procedural motions; and (iii) successfully defended against Wye Oak's motion for judgment on the pleadings, obtaining a ruling that Iraq and the Ministry of Defense are separate juridical entities for the purpose of determining liability.

Furthermore, particular to this litigation, in the fall of 2012, Mr. Mills met with relevant officials of the Ministry of Justice and the Iraqi government and reviewed documents and interviewed witnesses in connection with this action to support Iraq's motion to dismiss on the grounds of *forum non conveniens*.   Thus, similar to Mr. Mills' prior representation of Iraq and its juridical entities, regular channels of communication existed in this litigation until recently, including face-to-face meetings with Iraqi officials, as part of coordinating and conducting foreign litigation on behalf of Iraq, Iraqi ministries and Iraqi State-owned entities, including this case.

Defendants' Counsel expected these circumstances to continue.   However, as of late 2013, those regular channels were interrupted, and regular travel to Iraq was not available owing to the extraordinary security situation and instability in the country occasioned by the ISIS military attacks and occupation of critically important cities and regions of Iraq. *See e.g.*, Defendants' Motion for a Stay and Relief from the Discovery Schedule [Dkt. #85, Feb. 13,

2004]; Defendants' Reply in Support of Motion for a Stay and Relief from the Discovery Schedule [Dkt. #90, Mar. 5, 2014].

Since late 2013, Defendants' Counsel experienced an unprecedented communication breakdown as the energies and attention of Iraq and the Ministry of Defense were absorbed by the escalating military conflict with ISIS.  Once communications with Iraq and the Ministry of Defense were reestablished, however, logistical problems (such as the need for defense counsel to travel to Iraq) impeded the process of gathering discoverable information; therefore, at the direction of Iraq and the Ministry of Defense, defense counsel, in good faith, sought and obtained extensions of the discovery timetable to accommodate those logistical problems.

Defense counsel also has filed periodic status reports, stating their good faith understanding of the logistical problems that continue to delay the process of gathering discoverable information.  *See* Defendants' First through Tenth Status Reports [Dkt. # 102, May 9, 2014], [Dkt. #104, Jun. 9, 2014], [Dkt. #107, Aug. 12, 2014], [Dkt. #108, Sep. 19, 2014], [Dkt. #113, Oct. 20, 2014], [Dkt. #117, Nov. 21, 2014], [Dkt. #118, Dec. 24, 2014], [Dkt. #133, May 27, 2015], [Dkt. #142, Sep. 15, 2015], [Dkt. #145, Nov. 24, 2015].

Compounding the logistical problems, the change of leadership in the Iraqi government and the Iraqi government's financial crisis occasioned by an approximate 50% reduction in governmental revenues occasioned by the fall of oil prices have introduced additional instability in the Iraqi government as governmental personnel in the Ministries are not being paid or are furloughed. *See* Defendants' Tenth Status Report [Dkt. #145, Nov. 24, 2015].

Despite Defendants and Defendants' Counsel encountering these difficulties, Defendants' Counsel have made a concerted and good faith effort to meet their obligations to the Court, or have moved in good faith for relief from the schedule.

However, in the last two months, the anticipated cooperation of Defendants with Defendants' Counsel with respect to discovery obligations pertaining to Plaintiff's Second Set of Discovery Requests has not been forthcoming, without explanation of reasons why.  This constitutes a breakdown in communication between Defendants and Defendants' Counsel.  Thus, there appears to be a breakdown in the attorney client relationship, which, unless promptly repaired, would warrant, with leave of Court, the withdrawal of Defendants' Counsel.

Accordingly, Defendants' Counsel bring this Motion to Continue Defendants' Discovery Response Due Dates and to Withdraw as Defendants' Counsel of Record Without Substitution.

## II. <u>ARGUMENT AND AUTHORITY</u>

**A.    AUTHORITY**

### 1.    <u>Motion to Continue Defendants' Discovery Response Due Dates</u>

Pursuant to Rule 16, the Court may grant relief from any scheduling order it has entered for "good cause shown."  FED.R.CIV.P. 16(a)(4); LCvR 16.4.  A motion for scheduling relief under Rule 16(b) is addressed to the district court's discretion.  "What constitutes good cause sufficient to justify modification of a scheduling order necessarily varies with the circumstances of each case."  6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1522.2 at 312-13 & n.4 (2010).  Good cause can be shown, "[i]n general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence[.]" *Id.*; *accord Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (same) (quoting WRIGHT MILLER & KANE).  An absence of prejudice to the opposing party also must be shown.  WRIGHT, MILLER & KANE, § 1522.2 at 313-14.  Under these principles, the Court should exercise its discretion under Rule 16 to modify the pretrial schedule and to stay discovery because, under the circumstances, "the

deadlines cannot reasonably be met despite the [Iraq's] diligence," and an extension of ninety

days should not result in any prejudice to Wye Oak.

Under Rule 26, the Court may enter an order, for good cause shown, that specifies the

time for discovery responses. FED.R.CIV.P. 26(c)(1)(B); *accord* FED.R.CIV.P. 34(b)(2)(A) (court

may order longer response time). The Court is vested with broad discretion to manage the

conduct of discovery. *E.g.*, *Brennan v. Int'l Bhd. of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir.

1974); *see also Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991).

In particular, "the decision whether to stay discovery is committed to the sound discretion of the

district court judge." *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990)

(citations omitted). In this case, the Court should exercise its discretion under Rule 26 to extend

Defendants' time to respond to Plaintiff's discovery requests.

Finally, the Court has inherent authority to control its own docket and to stay litigation

when the interests of justice require and no prejudice would be visited on a party opposing the

stay. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). When deciding a

contested motion to stay, the Court "must weigh competing interests and maintain an even

balance." *Id.* To prevail in a motion to stay, "[t]he proponent of a stay bears the burden of

establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997) (citations omitted). The

movant "must make out a clear case of hardship or inequity in being required to go forward, if

there is even a fair possibility that the stay for which he prays will work damage to someone

else." *Landis*, 299 U.S. at 255. Under this formula, "[e]specially in cases of extraordinary

public moment, the individual may be required to submit to delay not immoderate in extent and

not oppressive in its consequences if the public welfare or convenience will thereby be

promoted." *Id.* at 256; *Clinton*, 520 U.S. at 706-07. Nonetheless, as both *Landis* and *Clinton*

teach, the stay cannot be indefinite, even when extraordinary public concerns would warrant a stay.

As shown below in Section B below, a 75-day extension or stay is warranted.

**2.      Motion to Withdraw**

This Motion to Withdraw is governed by Local Rule 83.6 of the U.S. District Court for the District of Columbia.  Specifically, because Defendants' Counsel have not been able to obtain written consent from Defendants, this motion is governed by Local Civil Rule ("L.Cv.R." or "Rule")) 83.6(c), which provides in relevant part:

> If a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney or the motion is made in open court in the party's presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion.

In determining whether to grant a motion to withdraw under Rule 83.6(c), the Court may consider the following factors:

(1)      Whether the withdrawal would unduly delay trial;

(2)      Whether withdrawal would be unfairly prejudicial to any party;

(3)      Whether withdrawal would otherwise not be in the interest of justice;

(4)      The length of time the case and dispositive motions have been pending;

(5)      The time it would take for the unrepresented party to obtain new counsel; and

(6)      The degree of financial burden continuing the representation would have on the movant.

*Laster v. District of Columbia,* 460 F. Supp. 2d 111, 113 (D.D.C. 2006); *Byrd v. District of Columbia,* 271 F. Supp. 2d 174, 176 (D.D.C. 2003); *Barton v. District of Columbia,*

209 F.R.D. 274, 277 (D.D.C. 2002); *see also* Local Rule 83.6(d). These factors all

strongly support this Motion to Withdraw.

The Court's exercise of discretion granted by the Rule also may be informed by the

pertinent applicable ethical rules. See D.C. RULES OF PROFESSIONAL CONDUCT 1.16(b). If the court

does not order the lawyer to proceed, that rule absolutely grants the lawyer the right to withdraw,

provided the client's interests are not materially and adversely affected:

**Rules of Professional Conduct: Rule 1.16--Declining or Terminating Representation**

\*       \*       \*

(b)      Except as stated in paragraph (c), a lawyer may withdraw from
representing a client if withdrawal can be accomplished without material adverse effect
on the interests of the client, or if:

\*       \*       \*

(3)      The client fails substantially to fulfill an obligation to the lawyer regarding
the lawyer's services and has been given reasonable warning that the lawyer will
withdraw unless the obligation is fulfilled;

\*       \*       \*

(5)      The lawyer believes in good faith, in a proceeding before a tribunal, that
the tribunal will find the existence of other good cause for withdrawal.

(c)      A lawyer must comply with applicable law requiring notice to or
permission of a tribunal when terminating a representation. When ordered to do so by a
tribunal, a lawyer shall continue representation notwithstanding good cause for
terminating the representation.

D.C RULES OF PROFESSIONAL CONDUCT 1.16 (2016).

As shown in Section C below, these factors also strongly support this Motion to

Withdraw.

**B.     MOTION TO FURTHER CONTINUE DISCOVERY DUE DATE**

Good cause exists for the Court to grant Defendants an additional 75 days – from February 29, 2016 through Friday, May 13, 2016 – to respond to Plaintiff's outstanding discovery requests.

1.      Defendants have reported to the Court the difficulties being experienced by Iraq and the MoD that to date have impeded Defendants' responses to Plaintiff's First Set of Request for Production of Documents Directed at Republic of Iraq.  *See* Defendants' Motion for a Stay and Relief from the Discovery Schedule [Dkt. #85, Feb. 13, 2004] and Defendants' Reply in Support of Motion for a Stay and Relief from the Discovery Schedule [Dkt. #90, Mar. 5, 2014]; Defendants' First through Tenth Status Reports [Dkt. # 102, May 9, 2014], [Dkt. #104, Jun. 9, 2014], [Dkt. #107, Aug. 12, 2014], [Dkt. #108, Sep. 19, 2014], [Dkt. #113, Oct. 20, 2014], [Dkt. #117, Nov. 21, 2014], [Dkt. #118, Dec. 24, 2014], [Dkt. #133, May 27, 2015], [Dkt. #142, Sep. 15, 2015], [Dkt. #145, Nov. 24, 2015].  In particular, Defendants' Counsel is informed that the good cause for non-response set forth in Defendants' Tenth Status Report [Dkt. #142, 24 Nov. 2016] continues to exist.

2.      On December 29, 2015, at Defendants' request, Defendants' Counsel moved the Court for additional time (through February 28, 2016) for Defendants to respond to Plaintiff's First Set of Requests for Production of Documents to Defendant Ministry of Defense and Republic of Iraq and Plaintiff's First Set of Interrogatories to Defendant Ministry of Defense of the Republic of Iraq (collectively, "Plaintiff's Second Set of Discovery Requests") [Dkt. #000] (the "December 29, 2015 Motion").  The December 29, 2015 Motion and Defendants' Reply [Dkt. #000] provided good cause for the Court to grant the requested additional time for Defendants to respond to Plaintiff's Second Set of Discovery Requests.

3.      Without waiving privilege, Defendants' Counsel states that to date, Defendants' Counsel has not received Defendants' responses to Plaintiff's Second Set of Discovery Requests, nor a commitment from Defendants of a date by which Defendants' responses will be forthcoming, without explanation of reasons why.

4.      Defendants' Counsel has given Defendants reasonable warning that Defendants' counsel will withdraw if Defendants' do not fulfill these obligations to Defendants' counsel.

5.      The good cause for the further 75-day extension of the due date for Defendants' responses to Plaintiff's Second Set of Discovery Requests consists of avoidance of material adverse effect on Defendants' interests by way of withdrawal of Defendants' Counsel as counsel of record in this action.  The additional 75-day extension should provide Defendants ample time to either: (a) cure Defendants' internal difficulties in Defendants' meeting their obligations to the Court and to Defendants' Counsel with respect to discovery so as to permit current counsel to continue to represent Defendants; or (b) to engage substitute counsel to represent Defendants' interests.

## C.      WITHDRAWAL OF DEFENDANTS' COUNSEL

### 1.      L.Cv.R. 83.1(b) Factors

All applicable L.Cv.R. 83.1(b) factors weigh heavily in favor of withdrawal.

Factor 1: Allowing Defendants' Counsel's withdrawal would not unduly delay trial because: (a) the proceedings have not extended beyond pre-trial discovery; and (b) the Court has not set a trial date.

Factor 2:  Because no trial date is set, and because Defendants counsel is moving for a 75-day continuance of the discovery due dates, Defendants will have sufficient time and opportunity to either: (a) cure the internal difficulties in responding to Defendants' discovery

requests and continue to retain present Defendants' counsel; or (b) if the internal difficulties are

not cured so as to permit current Defendants' counsel to continue to represent Defendants, then

for Defendants to identify and retain other counsel to protect Defendants' interests.  Under these

circumstances Defendants will not be prejudiced.  Furthermore, because there should be

sufficient time for either event to occur without unduly delaying the current proceedings, the

interests of Plaintiff will not be prejudiced either.

Factor 3:  Similarly, the interests of justice do not weigh against withdrawal

because Defendants will have time and opportunity either to cure their internal difficulties such

as to allow the current representation of Defendants' Counsel to continue, or to find substitute

counsel.

Factor 4:  While this case has been pending for some time, there are currently no

dispositive motions before the Court. Additionally, Defendants' Counsel's withdrawal will not

reset the clock or otherwise wind back the substantial amount of time that this Court has invested

in this litigation.

Factor 5:  Because no trial date is set and because through this motion Defendants'

Counsel also are asking the Court to continue this case, Defendants should have ample time and

opportunity to either: (a) cure their internal difficulties and thus continue the representation by

current Defendants' counsel; or (b) to identify and retain substitute counsel to protect

Defendants' interests.

Factor 6:  The sixth factor – the degree of financial burden continuing the representation

would have on the movant – presently is not at issue in this motion.  However, since late 2013,

along with the disruption in communications, there has been a disruption in the payment of fees

to Defendants' Counsel.  Nonetheless, Defendants' Counsel has remained as counsel of record,

making diligent and good faith efforts to represent and protect Defendants' interests in this litigation.  If this issue is not resolved promptly, however, it may become an additional ground on which to withdraw.

    **B.**    **Rule of Professional Conduct 1.16 Factors**

    Without waiving privilege, Defendants' counsel state that:

    1.    Defendants' Counsel have fulfilled all ethical obligations as officers of the Court and as attorneys for Defendants.  Such obligations include but are not limited to communicating to Defendants: (1) all Orders of this Court; (2) Plaintiff's first set of Requests for Production of Documents directed to Republic of Iraq, and Plaintiff's second set of discovery requests directed to Republic of Iraq and Ministry of Defense (collectively, "Plaintiff's Discovery Requests"); and (3) Defendants' legal obligations to respond to Plaintiff's Discovery Requests in accordance with the requirements of the Federal Rules of Civil Procedure and the Orders of this Court;

    2.    Pursuant to Defendants' Counsel's obligations to this Court and in fulfillment of Defendants' Counsels' obligations to Defendants as clients, Defendants' counsel has candidly communicated to the Court: (1) the status of Defendants' efforts to respond to Plaintiff's first Request for Production of Documents and the reasons for Defendants' inability to respond to date; and (2) Defendants' request that Defendants be provided through February 28, 2016 to respond to Plaintiff's Second Set of Discovery Requests;

    3.    To date, Defendants' Counsel has not received Defendants' responses to Plaintiff's Second Set of  Discovery Requests, nor a commitment from Defendants of a date by which Defendants' responses will be forthcoming, nor reasons why Defendants have not responded to Plaintiff's Second Set of Discovery Requests; and

4.      Defendants' Counsel has given Defendants reasonable warning that Defendants' counsel will withdraw if Defendants' do not fulfill these obligations to Defendants' counsel.

5.      Withdrawal can be accomplished without material adverse effect on Defendants' interests.  As noted above, Defendants Counsel have moved for a 75-day suspension of the discovery due dates so as to provide Defendants ample time to either: (a) cure Defendants' internal difficulties in Defendants' meeting their obligations to the Court and to Defendants' Counsel so as to permit current counsel to continue to represent Defendants; or (b) to engage substitute counsel to represent Defendants' interests.

## **CONCLUSION**

For the good cause stated above, Defendants' Counsel asks that the Court: (1) grant Defendants an additional 75 days to cure Defendants' internal difficulties and to respond to Defendants' discovery requests; and (2) failing Defendants' cure of internal difficulties and production of discovery responses within the 75 days, then grant the withdrawal of current Defendants' Counsel as counsel of record for Defendants for all purposes in this action.

A proposed order is attached to this motion.

## **L.Cv.R. 83.6(c) CERTIFICATE**

On February 26, 2016 Defendants' Counsel Maggs & McDermott LLC attorney Timothy B. Mills served upon Defendants a copy of this Motion to Withdraw and notice advising Defendants to obtain other counsel.

Defendants' address is:

> Legal Department
> Ministry of Justice of the Republic of Iraq
> ATTN:  Director General Hanan Nassef
> Baghdad, Iraq
> Email: legaldept.moji@gmail.com

## L.Cv.R. 7(m) CERTIFICATE

On February 26, 2016 Defendants' counsel Timothy B. Mills discussed this motion with Plaintiff's counsel John Quinn of Quinn, Racusin & Gazzola Chartered.  Plaintiff's counsel stated that Plaintiff: (1) does not oppose the withdrawal of Defendants' Counsel; (2) does not oppose continuance of the discovery due dates sought in this motion for purposes of providing Defendants' with time to obtain substitute counsel; and (3) reserves Plaintiff's right to further respond to this motion following receipt and review of this motion.

Dated: 26th day of February 2016.

Respectfully submitted,
**CRAIG C. REILLY**

By: _____ /s/ Craig C. Reilly _____
Craig C. Reilly
D.C. Bar No. 383594
111 Oronoco Street
Alexandria, Virginia 22314
Telephone: (703) 549-5354
Fax: (703) 549-2604
Email: craig.reilly@ccreillylaw.com
*Co-Lead Counsel for*
*Defendant Republic of Iraq*

**MAGGS & MCDERMOTT, LLC**

By: _____ /s/ Timothy B. Mills _____
Timothy B. Mills
D.C. Bar No. 425209
910 17th Street, N.W.
Washington, DC  20006
Telephone:  (202) 457-8090
Fax: (202) 478-5081
TimothyBMills@aol.com
*Co-Lead Counsel for*
*Defendant Republic of Iraq*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on the 26th day of February 2016, I electronically transmitted the foregoing pleading or paper to the Clerk of the Court using the ECF System for filing, who will transmit a Notice of Electronic Filing to the following ECF registrant counsel for Plaintiff:

| | |
|---|---|
| John H. Quinn Jr. | Robert J. Pavich, *Pro Hac Vice* |
| jhq@qrglawfirm.com | John J. Pavich, *Pro Hac Vice* |
| Quinn, Racusin & Gazzola Chartered | PAVICH LAW GROUP, P.C. |
| 1667 K Street N.W., Suite 720 | 20 S. Clark Street |
| Washington , D.C. 20006 | Suite 700 |
| Telephone: (202) 842-9300 | Chicago, IL 60603 |
| Facsimile: (202) 682-0148 | Telephone: (312) 782-8500 |
| *Counsel for Plaintiff* | Facsimile: (312) 853-2187 |
| | rpavich@pavichlawgroup.com |
| | jpavich@pavichlawgroup.com |
| | *Co-Counsel for Plaintiff* |

                               /s/ Timothy B. Mills