UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**WYE OAK TECHNOLOGY, INC.**        )
                                    )
      **Plaintiff**              )
                                    )   Civil No. 10-cv-1182 (RCL)
    v.                            )
                                    )
**REPUBLIC OF IRAQ**, *et al.*,     )
                                    )
      **Defendants.**           )
_____)

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR AN ANTI-SUIT INJUNCTION

Plaintiff Wye Oak Technology, Inc. submits this Reply to Defendants Republic of Iraq and Ministry of Defense of The Republic of Iraq's Opposition (ECF No. 184) to Wye Oak's motion for an emergency anti-suit injunction (ECF No. 166). The suit in the Republic of Iraq remains pending and, as such, continues to threaten this Court's jurisdiction. Therefore, the Court should issue the anti-suit injunction.

### ARGUMENT

According to the Republic of Iraq and the Ministry of Defense of the Republic of Iraq ("Defendants" or "Iraq"), all is well in the world because Iraq has (finally) reengaged counsel and is (finally) participating in this case. Iraq invites the Court to completely ignore Iraq's continuing violation of this Court's May 2, 2016 Order and the fact that, instead of complying with that order and litigating in this Court, Defendant Ministry of Defense instituted a suit against Wye Oak in Iraq. According to Defendants, Wye Oak's motion should be denied as moot because no case or controversy exists for the Court to resolve and because Wye Oak has presented no evidence that

1

any such proceeding exists in Iraq and has failed to meet its burden with admissible evidence. ECF No. 184, at p.3. Defendants are wrong. The Court should issue the anti-suit injunction to ensure the preservation of its jurisdiction and to ensure that justice is served in this case.

As discussed more thoroughly in Wye Oak's motion, it is well settled that this Court has the authority to enjoin a party before the court from prosecuting a case in a foreign court in order to preserve its jurisdiction. *See, e.g.*, *Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909 (D.C. Cir. 1984); *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984 (9th Cir. 2006); *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 195 F. Supp. 3d 776 (D. Md. 2016). Iraq asserts that (1) no present case or controversy exists because Defendants have reengaged counsel, (2) Wye Oak has suffered no harm and therefore has no standing to request the antisuit injunction, and (3) Wye Oak cannot meet its burden under the test laid out in *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987). Wye Oak will address these *seriatim*.

**I.  An Anti-suit Injunction is Necessary to Secure the Court's Jurisdiction And Bring This Case to a Conclusion.**

It is clear from Iraq's Opposition brief that a case still exists in Iraq and that Iraq has no intention of fully litigating this case in this Court. Defendants' own pleading is an admission that a suit exists in Iraq and that it remains live. If no suit existed, there would have been no summons to withdraw and no hearing to cancel. The only support Defendants provide in support of their motion consists of unsworn assertions made by Iraqi government representatives who have not appeared before in this litigation. Primarily, Iraq argues that it has withdrawn its summons and cancelled the September 17, 2017 hearing. ECF No. 184, p.4. In support of these assertions, Defendants attached an unsigned declaration purported to be that of Raad Khalil Ghajy, General Director of the Ministry of Justice and a copy of the September 12, 2017 letter signed by Fareed

Yassen, the Iraqi Ambassador to the U.S., delivered to the Court while Iraq remained unrepresented. ECF No. 184-1. Defendants failed to present to the Court (or Wye Oak for that matter) any record showing that the case in Iraq has been dismissed or stayed, nor has Iraq presented any official documentation from an Iraqi court supporting Defendants assertion that the summons was withdrawn or that the hearing was cancelled. Moreover, there is no representation that the Iraqi proceeding has been dismissed with prejudice or otherwise with finality.

The unsigned Declaration accompanying Iraq's motion has no evidentiary value. A redaction box covers the area where the Declarant would normally sign. ECF No. 184-1, p.2. The language of 28 U.S.C. § 1746 is explicit and requires that sworn declarations carry the declarant's signature. An unsigned affidavit is invalid under the statute. *Pino v. Carey*, No. CV 3:15-1172, 2017 WL 3868532, at *1 n.2 (M.D. Pa. Sept. 5, 2017). Assuming *arguendo* the declaration was properly executed, it merely states that the Declarant has "personal knowledge of whether Wye Oak is required to appear before . . . [the court in Baghdad] . . . in response to the Summons Letter and whether the September 17, 2017 court hearing in the Iraqi Court Case was cancelled." *Id.* at p.2. The Declaration is silent as to the withdrawal of the Summons and says only that the hearing was "not held," providing no reason as to why this was the case. *Id.*

Iraq's repeated claims that the state and its agencies are separate and distinct judicial entities calls into question whether the Ambassador or the Ministry of Justice can appropriately speak for the state or the Ministry of Defense in this matter. Even assuming the validity of the Declaration, there is no evidence in the record that the appropriate Iraqi judicial authorities, or the Ministry of Defense itself, has stayed or dismissed the case in Baghdad. The purported Declaration only states that the Ministry of Justice "has responsibility for supervising all foreign litigation," but says nothing about domestic litigation. *Id.* at p.1. Thus, Iraq has not presented evidence that

the Ministry of Justice has authority under Iraqi law to take any action in the Iraqi case. Nor have Defendants presented evidence supporting Ambassador Yassen's unsworn statement that Iraq and the Ministry of Defense withdrew the Summons. *See* ECF No 181-2, ex. 2.[1] It could very well be that when the Declaration said the September 17 hearing was "not held," it could mean Iraq appeared but Wye Oak did not and, subsequently, the Iraqi court issued an order of default against Wye Oak. Based on the record here (or lack thereof), Iraq could claim at any future point that Wye Oak defaulted on its obligation to defend in Iraqi court when it failed to appear after being issued a summons, and could use such "default" against Wye Oak in this or other potential litigation.

To support their contention that Defendants conduct in this litigation does not threaten the Court's jurisdiction, Defendants argue in the alternative that "as of Friday, November 3, 2017, [the date on which Defense counsel was rehired] there no longer exists any conduct which, left unchecked would have 'the practical effect of diminishing the court's power to bring to a natural conclusion' by way of a judgment on the merits in accordance with the Federal Rules of Civil Procedure and this Court's orders." ECF No. 184, p.4. Defendants cite six actions taken "though today" in support of this argument. *Id.* Notably absent from Defendants' list of actions and overall argument is any mention of Iraq's efforts to participate in discovery—discovery that is long outstanding and which Iraq was ordered to respond to by May 13, 2016. ECF No. 157. Yet, Defendants failure to comply with discovery deadlines and participate in discovery is at the very heart of the threat to this Court's jurisdiction. Iraq has done nothing, and has said nothing, that would ameliorate that threat. Defendants' closing statement that, "Simply put, there is no conduct

---

[1] Defendants have, without explanation, taken the unusual step of redacting all official symbols and signatures of previously filed documents when attaching them as exhibits to the instant Declaration.

4

on the part of Defendants that diminishes the Court's power to bring this litigation to a natural conclusion," is unbelievable on its face.

### II. A Live Case or Controversy Exists and Wye Oak Has Been Harmed By Iraq's Institution of a Suit in Baghdad.

Defendants veer off into a discussion about the case or controversy requirement without stating precisely what case or controversy they believe no longer exists. This argument is meritless. As Wye Oak has demonstrated above, in so far as the record reflects, a live case exists in Iraq and Defendants have presented no evidence that such a case has been stayed or dismissed. Defendants' argument that Wye Oak has not been harmed and, thus, does not have standing to bring this motion is likewise without merit.

In anti-suit injunction cases, the Plaintiff "need not meet [the] usual test of a likelihood of success on the merits of the underlying claim to obtain an anti-suit injunction against [the defendant] to halt the [foreign] proceedings," but rather "need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction." *E. & J. Gallo Winery*, 446 F.3d at 991; *see also Laker Airways Ltd. v. Pan Am. World Airways*, 559 F. Supp. 1124, 1129 (D.D.C. 1983), *aff'd sub nom. Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909 (D.C. Cir. 1984) (holding that "the Court will consider first the question whether it is likely that Plaintiff will prevail on the merits of its permanent injunction request, and thereafter . . . it addresses the relative balance of injuries and the public interest.") (footnotes omitted)). Here, the analysis above and in Wye Oak's original motion provide ample evidence that Plaintiff should succeed on the merits of the anti-suit request. Defendants completely ignore this case law and, instead, claim that Wye Oak's injunction motion must fail because it has not suffered an injury.

Actual harm is not a prerequisite for a preliminary injunction. A party seeking a preliminary injunction must demonstrate (1) likely success on the merits, (2) likely irreparable harm in the

absence of the injunction, that (3) the balance of equity tips in the movants favor, and (4) that an injunction is in the public interest. *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (citations omitted). In its original motion, Plaintiff discussed why it meets the preliminary injunction standard; Wye Oak need not reiterate those arguments here.

However, taking Defendants argument on its face, Wye Oak is still entitled to an injunction because it has been harmed by Defendants' actions. The receipt of the summons by the Stoffel family reignited tragic memories and left the family in fear for their safety should they have to litigate a case in Baghdad. *See* Decl. of David Stoffel, ECF No. 177-1, §§ 7–15. Wye Oak has also been harmed by having to litigate the present motion and to relitigate an issue Iraq has repeatedly lost—whether Baghdad is the appropriate forum for this case. To say that Wye Oak has not been harmed by Defendants' initiation of litigation in Iraq is not just wrong but demonstrates the low regard Iraq has for Wye Oak, its officers, their families, its staff—and this Court.

    **III.    The Court Can Enjoin Iraq from Instituting a Suit In A Foreign Jurisdiction and Wye Oak Meets the Test for an Anti-Suit Injunction.**

Iraq argues that the Court would commit reversible error if it granted the anti-suit injunction. ECF No. 184, p.8. All Wye Oak requests is that the Court enjoin Iraq from taking actions that would threaten this Court's jurisdiction; actions such as commencing suits in Iraq that could threaten the life of Wye Oak officers and employees and which make bringing this litigation to its natural conclusion difficult if not impossible. This is well within the Court's power. As the Fifth Circuit explained, "It is well settled among the circuit courts . . . which have reviewed the grant of an antisuit injunction that the federal courts have the power to enjoin persons subject to their jurisdiction from prosecuting foreign suits." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996).

Iraq also claims that Wye Oak cannot meet its burden for an anti-suit injunction. While Wye Oak extensively briefed its motion (and will not retread those arguments here), Iraq ignored cases cited by Plaintiff including those from the D.C. Circuit and, instead, points the Court to non-binding authority from the Second Circuit. According to Iraq, the test set out in *China Trade* is dispositive. ECF No. 184, p.7. The test, as Iraq sees it, is whether "(A) the parties are the same in both matters; and (B) resolution of the case before the enjoining court is dispositive of the action to be enjoined." *Id.* Iraq avers that these are threshold requirements are dispositive and that Wye Oak's motion must fail because it fails to meet this test. *See id.*

Unfortunately for Iraq, the *China Trade* "test" is not exactly what the Second Circuit discussed in that case. This particular test was employed by the judge in the case below and the Second Circuit said it, "in general agreed with the approach. . . ." *China Trade*, 837 F.2d at 36. However, even if we accepted this test as the dispositive test for an anti-suit injunction, Wye Oak would still succeed. There can be no question that the parties are the same in both matters—that is uncontested and clear as day. And, as this case is also being decided based on Iraqi law, a victory for either party in this litigation should be *res judicata* for any case brought in Iraq, meaning that this case is dispositive of the action. Thus, even under Iraq's preferred test, the Court should still issue the anti-suit injunction.

While it is true that Wye Oak has not presented evidence regarding the substance of the action commenced by Defendants in Iraq (because Wye Oak has never seen documentation concerning the substance of that case), given the fact that the only contract that ever existed between the parties is the contract at issue here, it is apparent that the case in Iraq must arise out of the same facts and circumstances as this action. The only party who could shed more light on the case in Baghdad is the party who brought that case—the Ministry of Defense. But the Ministry

has failed to provide this Court (or Wye Oak) with any such evidence despite multiple opportunities to do so.  Nor did Iraq rebut Plaintiff's assertion that the case in Iraq arises out of the same facts and circumstances as this case.

The Court should read Iraq's silence as an admission and hold Iraq accountable for playing hide and seek not only with Wye Oak but with this Court.  It is yet another example of the behavior Iraq has pursued throughout this litigation—delay through obfuscation and the refusal to fully engage in this litigation.  The Court should issue sanctions for such behavior, not condone it.

## **CONCLUSION**

WHEREFORE, Wye Oak requests that the court issue an anti-suit injunction against Iraq.

Respectfully submitted,

/s/ Eric C. Rowe
Eric C. Rowe (D.C. Bar No. 466182)
C. Allen Foster (D.C. Bar No. 411662)
Adrian F. Snead (D.D.C. Bar No. D00378)
Whiteford, Taylor & Preston LLP
1800 M St., NW, Suite 450N
Washington, DC 20036
cafoster@wtplaw.com
erowe@wtplaw.com
asnead@wtplaw.com
Telephone: (202) 659-6800
Facsimile: (202) 331-0573

Robert J. Pavich Pro Hac Vice
John J. Pavich
Pro Hac Vice
PAVICH LAW GROUP, P.C.
30 West Monroe 13th Floor
Chicago, Illinois 60603
rpavich@pavichlawgroup.com
jpavich@pavichlawgroup.com
(312) 690-8400 (Telephone)
(312) 853-8401 (Facsimile)

John H. Quinn, Jr. (D.C. Bar No. 34959)
Quinn, Racusin & Gazzola Chartered

888 17th Street, N.W., Suite 640  
Washington, D.C. 20006-3325  
(202) 842-9300 (telephone)  
(202) 682-0148 (facsimile)  
jhq@qrglawfirm.com

# CERTIFICATE OF SERVICE

I certify that on this, the 28th day of November, 2017, I electronically filed the foregoing pleading with the Clerk of Court using the ECF filing system, which will transmit a Notice of Filing to the following ECF registrant counsel for Defendants, Republic of Iraq and Ministry of Defense of the Republic of Iraq.

Timothy B. Mills
**MAGGS & MCDERMOTT, LLC**
910 17TH St. N.W., Suite 800
Washington, D.C. 20006
Phone: (202) 457-8090
Fax: (202) 478-5081
TimothyBMills@aol.com

*Counsel of Record for Defendants*

                                        */s/* Eric C. Rowe
                                        Eric C. Rowe (D.C. Bar No. 466182)
                                        Whiteford, Taylor & Preston LLP
                                        1800 M St., NW, Suite 450N
                                        Washington, DC 20036
                                        cafoster@wtplaw.com
                                        Telephone: (202) 659-6800
                                        Facsimile: (202) 331-0573