UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Wye Oak Technology, Inc. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 1:10-cv-01182-RCL |
| Republic of Iraq, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**Omnibus Opinion**
**Addressing All Outstanding Motions as of 12/15/2017**

Before the Court are the following motions and all responses and replies thereto:

- Plaintiff's Motion to Vacate the Scheduling Order ("Motion to Vacate"). (ECF #160).

- Plaintiff's Motion for a Status Conference and to Modify the Docket. (ECF #164).

- Plaintiff's Motion for an Emergency Anti-Suit Injunction and to Quash Iraq's Summons for Lack of Appropriate Process and Jurisdiction ("Motion to Quash"). (ECF #166).

- Plaintiff's and Defendants' cross Motions for Scheduling Orders. (ECF #185; ECF #187).

For the following reasons, the Court will **GRANT** the plaintiff's Motion to Vacate, **GRANT IN PART** and **DENY AS MOOT IN PART** the plaintiff's Motion for a Status Conference and to Modify the Docket, **DENY AS MOOT** the plaintiff's Motion to Quash, **GRANT** the plaintiff's Motion for Scheduling Order, and **DENY** the defendants' Motion for Scheduling Order.

## Wye Oak's Motion to Vacate

On July 15, 2016, the plaintiff, Wye Oak, asked this Court to vacate the most recent scheduling order in this case (that scheduling order may be found in ECF #141). (ECF #160). The

1

Court delayed ruling on this motion until Iraq could again be represented by counsel and fully participate in this litigation. As that time has now arrived, the Court can turn its attention to the old scheduling order.

Every single deadline in that scheduling order has already passed. The latest deadline in that earlier schedule, for the completion of expert discovery, was November 30, 2016, more than one year ago, yet this litigation has barely proceeded beyond where it was when that deadline was set in 2015. It is clear that the earlier scheduling order is now in shambles. The defendants do not object to its being vacated. Therefore, the Court will **GRANT** the Motion to Vacate.

### Wye Oak's Motion for a Status Conference and to Modify the Docket

On June 16, 2017, Wye Oak moved for a status conference and for the "terminated" designation that appears in the ECF docket of this case to be removed. (ECF #164). The Court has already convened several status conferences since the date this motion was filed, and so the motion for a status conference will be **DENIED AS MOOT**. But the Court sees that the ECF docket in this case still shows that the case was terminated on 12/17/2010. Wye Oak is correct that this designation is inaccurate and ought to be corrected. Therefore, the Court will **GRANT** the motion to modify the docket and will **order** the clerk to remove the "terminated" designation on ECF.

### Wye Oak's Motion to Quash

On August 13, 2017, Barbara N. Stoffel—the widow of Dale Stoffel, the former president of Wye Oak who was killed in Iraq while there on business—received a "Letter of Summons" purporting to be from the Supreme Judicial Council of the Republic of Iraq. The letter was delivered to Wye Oak's corporate headquarters address in Pennsylvania. The letter informed

Ms. Stoffel and Wye Oak that a court in Baghdad was to hear "their case"[1] on September 17, 2017, at 8:30 a.m. In response to this letter, Wye Oak filed in this Court a motion asking that the Iraqi summons be squashed and that this Court issue an anti-suit injunction against Iraq. (ECF #166). The Court held a hearing on this motion and the factual circumstances surrounding it on September 13, 2017, and the parties have now also fully briefed the matter.

Iraq has confirmed to the Court that (1) the Letter of Summons was officially withdrawn, (2) the September 17, 2017, court hearing in Baghdad was cancelled, and (3) Iraq is once again fully participating in litigation before this Court. (ECF #184 at 4–5). In light of this, the Court will **DENY AS MOOT** Wye Oak's motion to quash as there is no longer anything to quash. The Court will also **DENY** the motion for an anti-suit injunction because there is no present indication that there is any case regarding this matter before an Iraqi court nor any indication that Iraq intends to start one. Should this change, Wye Oak may bring another motion before this Court. But for now the Court sees no reason to grant an anti-suit injunction.

### The Motions for Scheduling Orders

On November 6, 2017, the Court held a hearing at which it ordered the parties to confer about creating a new scheduling order. The parties were told to notify the Court by November 21, 2017, whether they could agree on a joint proposed scheduling order. If they could not, the parties were to submit their respective proposed scheduling orders by November 28, 2017.

On November 21, the parties informed the Court that they could not agree on a joint proposed scheduling order. (ECF #183). When the parties submitted their separate proposed orders, (Wye Oak—ECF #185; Iraq—ECF #187), it became clear why they could not agree—the

---

[1] It was never made clear exactly what the case in Iraq was—whether it was a case brought by the Iraqi government, a duplication of this suit, or something else entirely. The Court assumes at the very least that it was an attempt by the Iraqi court system to assert jurisdiction over the facts and parties in this matter.

3

parties are on entirely different planets. To illustrate, Wye Oak proposes that the trial for this case begin on September 24, 2018. (ECF #185 at 7). Iraq, meanwhile, does not even want to complete factual discovery until more than a full year after that, on November 21, 2019. (ECF #187 at 1). Iraq does not even propose a trial date. It is clear, though, that under Iraq's plan the trial would not occur until late in 2019 or even into 2020.

The Court will adopt in full Wye Oak's proposed scheduling order. Iraq has already prolonged this litigation for several years and now it asks for nearly two more. But the Court's patience is at its end. The Court has already declined to declare Iraq in default even though such a declaration would have been entirely within its discretion. This Court expects the government of Iraq to dedicate itself to bringing this litigation to a close as swiftly as possible. A trial in this case will begin no later than September 24, 2018.

For these reasons, the Court will **GRANT** Wye Oak's Motion for a Scheduling Order and **DENY** Iraq's Motion for a Scheduling Order.

**A separate order shall issue.**

SIGNED this \_\_\_\_15th\_\_\_\_ day of December, 2017.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE