## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WYE OAK TECHNOLOGY, INC.,**<br>**Plaintiff,** | ) ) ) ) | |
| v. | ) ) | **Civil No. 1:10-cv-01182-RCL** |
| **REPUBLIC OF IRAQ,** *et al.,*<br>**Defendants.** | ) ) ) ) ) | |

### Memorandum Opinion

The Court has before it the "Defendants' Motion to Quash Plaintiff's Rule 30 Deposition Notice Directed at Defendants' Lead Litigation Counsel Timothy Mills or, in the Alternative, for a Protective Order." Defs.' Mot. Quash, ECF No. 204 [hereinafter ECF No. 204].

The Federal Rules of Civil Procedure contain broad discovery rules that allow oral deposition on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, the discovery rules are not open-ended and the normally permissive discovery rules are much narrower when a party seeks to depose opposing counsel. *See* Fed. R. Civ. P. 26(b)(2)–(3), (c); *Coleman v. D.C.*, 284 F.R.D. 16, 18 (D.D.C. 2012); *see also Shelton v. Am. Motors Sales Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). The Court must be wary of permitting depositions of opposing counsel, especially when such depositions could "undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing counsel's preparation, may lead to opposing counsel's disqualification, and may spawn collateral litigation on issues of privilege, scope, and relevancy." *Coleman*, 284 F.R.D. at 18–19. In determining whether to allow the deposition of opposing counsel, courts consider "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought

and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003); *see also Coleman*, 284 F.R.D. at 16, 18–19; *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380–82 (D.D.C. 2011).

On January 26, 2018, plaintiff, Wye Oak Technology, Inc. (Wye Oak), gave notice of deposition of Mr. Timothy Mills. Defs.' Mot. Quash Ex. 1, ECF No. 204-1. Mr. Mills is the defendants', Republic of Iraq (Iraq) and Ministry of Defense of the Republic of Iraq (MoD), lead litigation counsel in this case. This notice of deposition was not limited and for the reasons stated *supra*, the Court proceeds with great caution when analyzing whether attorneys involved in ongoing litigation should be allowed to be deposed. However, Wye Oak has indicated in its opposition to the present motion, ECF No. 204, that it solely seeks to depose Mr. Mills regarding a single conversation between Mr. John Quinn, who was the Secretary and Treasurer of Wye Oak as well as Wye Oak's attorney, and Mr. Murtaza Lakhani, who was the principal of Laru, Ltd., a company in Baghdad that provided logistics and life support services. This conversation occurred in January 2005 at the Four Seasons Hotel in Washington, D.C., and was allegedly witnessed by Mr. Mills. Pl.'s Opp'n to Defs.' Mot. Quash, ECF No. 206. During this meeting, defendants allege that Mr. Quinn made a party admission on the part of Wye Oak that Wye Oak withdrew from Iraq after Mr. Dale Stoffel, who was the president of Wye Oak, was killed in December 2004. ECF No. 204. The issue of whether Wye Oak withdrew from Iraq and abandoned the contract between Wye Oak and MoD is a critical issue in this case and constitutes one of the affirmative defenses put forward by defendants.

Information regarding the conversation that occurred between Mr. Quinn and Mr. Lakhani, which Mr. Mills allegedly witnessed, is not privileged information. In order to withhold

information from discovery based on attorney-client privilege, a client "must show that the information provided to its lawyers was intended to be confidential and was not disclosed to a third party." *United States v. Singhal*, 842 F. Supp. 2d 1, 5 (D.D.C. 2011). The conversation between Mr. Quinn and Mr. Lakhani is not privileged because a third party, Mr. Quinn, was present; the conversation occurred in public and was therefore not confidential; and Mr. Lakhani, not the defendants, was Mr. Mills' client at the time of this conversation. Defendants did not become Mr. Mills' clients until after this conversation occurred. Although Mr. Mills' conversations with defendants are privileged, this does not prevent Wye Oak from being able to discover information about Mr. Mills' personal observations regarding the discussion that occurred between Mr. Quinn and Mr. Lakhani, which occurred before defendants became Mr. Mills' clients. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (declaring that although the attorney-client privilege protects communications between an attorney and client, the privilege does not prohibit the disclosure of the underlying facts that are communicated between an attorney and client). Thus, Wye Oak may depose Mr. Mills regarding the underlying facts of the contents of the conversation between Mr. Quinn and Mr. Lakhani that Mr. Mills allegedly witnessed even though Mr. Mills relayed this information to defendants in this case. *See In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) ("When an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged.").

The Court limits the scope of the deposition solely to information regarding this conversation. This limiting instruction will prevent attorney-client privileged information and attorney work-product information from being inquired about during plaintiff's deposition of Mr. Mills, and will guard against the concerns that make this Court wary of permitting depositions of opposing counsel.

Accordingly, the defendants' motion to quash will be **DENIED**, but the defendants' motion for a protective order will be **GRANTED** to prohibit the deposition of Mr. Mills on any issue other than the conversation between Mr. Quinn and Mr. Lakhani that occurred in January 2005 at the Four Seasons Hotel in Washington, D.C. A separate order will issue on this date.

SIGNED this _17th_ day of September, 2018.

Royce C. Lamberth

United States District Judge