UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WYE OAK TECHNOLOGY, INC., ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil No. 1:10-cv-01182-RCL | |
| ) | | |
| REPUBLIC OF IRAQ, *et al.*, ) | | |
| Defendants. ) | | |

## **Memorandum Opinion**

The Court has before it the "Plaintiff's Motion to Compel Discovery Related to Timothy Mills." Pl.'s Mot. Compel Disc. Related to Timothy Mills, ECF No. 209 [hereinafter ECF No. 209]. Plaintiff, Wye Oak Technology, Inc. (Wye Oak), seeks to have the Court enter an order to require the defendants, Republic of Iraq (Iraq) and Ministry of Defense of the Republic of Iraq (MoD), to produce documents in response to Requests 1–15 of Wye Oak's Third Request for Production directed Iraq and Wye Oak's Second Request for Production directed at MoD. These requests for production were both dated January 16, 2018. The Court addresses each request below.

Request No. 1

Wye Oak requests "[a]ll documents relied on by [defendants] in responding to Plaintiff's First Set of Interrogatories to MoD." Mem. of Points & Authorities in Supp. of Pl.'s Mot. to Compel Disc. Related to Timothy Mills, ECF No. 209-2 [hereinafter ECF No. 209-2]. Defendants object to this request for production by arguing that the request is duplicative and burdensome to the extent that it requests documents that defendants already produced to Wye Oak. Def. Resp. to Pl. Second Req. for Produc. Docs., ECF No. 209-7 [hereinafter ECF No. 209-7]; Def. Resp. to Pl.

1

Third Req. for Produc. Docs., ECF No. 209-8 [hereinafter ECF No. 209-8]. Defendants refused to provide documents that had previously been produced in response to prior requests for production. ECF No. 209-7; ECF No. 209-8. The Federal Rules of Civil Procedure limit discovery when the discovery sought is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). This Court has noted on numerous occasions that "the party objecting to . . . discovery bears the burden of 'show[ing] why discovery should not be permitted.'" *Alexander v. F.B.I.*, 193 F.R.D. 1, 3 (D.D.C. 2000) (quoting *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 56 (E.D. Pa. 1994)). By simply objecting to Wye Oak's request without referring to the specific documents that were previously produced, defendants have not met their burden of demonstrating that Wye Oak's request is in fact "unreasonably cumulative or duplicative." *See Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000). This Court thus orders defendants to state which documents specifically were already produced to Wye Oak that are responsive to this request.

Request No. 2

Wye Oak requests Timothy Mills', defendants' lead litigation counsel, communications with MoD and Iraq regarding Mr. Murtaza Lakhani, who was the principal of Laru, Ltd., a company in Baghdad that provided logistics and life support services. ECF No. 209-2. Mr. Lakhani was involved in a conversation with Mr. John Quinn, who was the Secretary and Treasurer of Wye Oak as well as Wye Oak's attorney, in which defendants allege that Mr. Quinn made a party admission on the part of Wye Oak that Wye Oak withdrew from Iraq after Mr. Dale Stoffel, who was the president of Wye Oak, was killed in December 2004. ECF No. 209-2. Defendants make several specific objections to the definitions that plaintiff uses for "Iraq" and "MoD" as well as other definitions in this request for production. ECF No. 209-7; ECF No. 209-8. Defendants also object to this request "to the extent it seeks production of documents protected by the work product

2

doctrine, the government deliberative process privilege, or the attorney-client privilege." ECF No. 209-7; ECF No. 209-8. Although defendants make these objections, defendants state that they have not withheld any documents on the basis of these objections and that they do not have any responsive documents in their possession, custody, or control. ECF No. 209-7; ECF No. 209-8. In the past, this Court has required defendants to provide the parameters of the search that was performed in conjunction with a request that resulted in no responsive documents being found in defendants' possession, custody, or control. *See Alexander*, 194 F.R.D. at 303. The Court orders defendants via affidavit to describe their efforts to search for responsive documents to this request. If, after a thorough search is conducted, defendants find that there are no responsive documents in their possession, custody, or control, the Court orders defendants to state this via affidavit. *Miller v. City of Plymouth*, 2010 WL 1754028, at *14 (N.D. Ind. Apr. 29, 2010); *Link v. Taylor*, 2009 WL 127660, at *2 (N.D. Ind. Jan. 20, 2009); *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 247 F.R.D. 198, 204 (D.D.C. 2008); *Alexander*, 194 F.R.D. at 303.

Request Nos. 3–4 and 6–9

Wye Oak requests various communications between Mr. Mills and Mr. Lakhani; between Mr. Mills and "any agent, officer, member, or anyone affiliated with MNSTC-I [Multi-National Security Transition Command-Iraq]" regarding Mr. Lakhani, the Iraq Military Equipment Recovery Project (IMERP), or Wye Oak; and between Mr. Mills and "any agent, officer, member, or anyone affiliated with Wye Oak." ECF No. 209-2. Although defendants make several specific objections to the definitions that plaintiff uses for "Iraq" and "MoD" as well as other definitions in these requests for production, defendants state that they have not withheld any documents on the basis of these objections. ECF No. 209-7; ECF No. 209-8. Defendants state that they do not have any responsive documents in their possession, custody, or control for these requests. ECF

3

No. 209-7; ECF No. 209-8. As with Request No. 2, analyzed *supra*, the Court orders defendants via affidavit to describe their efforts to search for responsive documents to these requests. If, after a thorough search is conducted, defendants find that there are no responsive documents in their possession, custody, or control, the Court orders defendants to state this via affidavit.

Request No. 5

Wye Oak requests Mr. Mills' retention agreement with Mr. Lakhani. ECF No. 209-2. Mr. Mills was previously Mr. Lakhani's attorney and Mr. Mills allegedly witnessed a conversation between Mr. Quinn and Mr. Lakhani in which Mr. Quinn allegedly made a party admission on the part of Wye Oak. Defendants note the objection made by Squire Patton Boggs, the law firm that Mr. Mills was previously a partner at when he was Mr. Lakhani's attorney, to Wye Oak's subpoena request to Squire Patton Boggs for production of this retention agreement. ECF No. 209-7; ECF No. 209-8. Squire Patton Boggs objected to Wye Oak's request "on the grounds that the retention agreement contains information that is subject to confidentiality requirements of Rule 1.6 of the District of Columbia Rules of Professional Conduct and/or the attorney-client privilege." ECF No. 209-7; ECF No. 209-8. Defendants also object to this request by arguing that any retention agreement between Mr. Mills and Mr. Lakhani does not relate to issues raised in this case. ECF No. 209-7; ECF No. 209-8. Although defendants raise these objections, defendants state that they did not withhold documents on the basis of these objections and do not have responsive documents in their possession, custody, or control. ECF No. 209-7; ECF No. 209-8. This Court will not assess the merits of defendants' objections to this request at this time because defendants state that they have not actually withheld any documents based on these objections. As with other requests analyzed *supra*, the Court orders defendants via affidavit to describe their efforts to search for responsive documents to this request. If, after a thorough search is conducted, defendants find that

4

there are no responsive documents in their possession, custody, or control, the Court orders defendants to state this via affidavit. If defendants withhold responsive documents based on objections, the Court orders defendants to state what particular documents are being withheld pursuant to specific objections. If documents are withheld based on specific objections to this request, the Court will then assess the validity of defendants' objections.

Request No. 10

Wye Oak requests documents related to Mr. Mills' international travel "from January 1, 2004 to the present related to IMERP, Wye Oak, and/or Wye Oak litigation." ECF No. 209-2. Wye Oak argues that these documents may shed light on Mr. Mills' credibility as a potential witness in this case. *Id.* Defendants make several specific objections to the definitions that plaintiff uses for "Iraq" and "MoD" as well as other definitions in this request for production. ECF No. 209-7; ECF No. 209-8. Defendants also object to this request on the grounds that the request is overly burdensome, unnecessary, and not relevant and proportional to the needs of the case. ECF No. 209-7; ECF No. 209-8; Defs.' Opp'n to Pl,'s Mot. to Compel Disc. Related to Timothy Mills, ECF No. 216 [hereinafter ECF No. 216]. Further, defendants argue that they do not have possession, custody, or control over Mr. Mills' records that would relate to this request. ECF No. 209-7; ECF No. 209-8. While defendants do possess the billing records of the law firm that they have engaged to represent them, Maggs & McDermott LLC (where Mr. Mills is a partner), they claim that these materials are privileged as attorney-client communications and attorney work product. ECF No. 209-7; ECF No. 209-8. This Court has granted defendants' motion for a protective order to prohibit the deposition of Mr. Mills on any issue other than the conversation between Mr. Quinn and Mr. Lakhani that occurred in January 2005 at the Four Seasons Hotel in Washington, D.C. to guard against the concerns articulated in that opinion in this case that make this Court wary of permitting

depositions of opposing counsel. This request again raises concerns about the harassment of opposing counsel, disrupting opposing counsel's preparation, and collateral litigation on issues of privilege, scope, and relevancy. *Coleman v. D.C.*, 284 F.R.D. 16, 18–19 (D.D.C. 2012). Despite defendants' failure to provide a privilege log when asserting attorney-client privilege and attorney work-product protections, this Court denies this request for production without prejudice because of these concerns and in light of how rare it is for counsel to be a witness. The Court can revisit this issue if needed, though, if Mr. Mills is determined to be a necessary witness

Request Nos. 11–15

Wye Oak makes several requests for communications between Mr. Mills and Raymond Zayna and General Investment Group s.a.l. (GIG), as well as documents received by Mr. Mills from Mr. Zayna and GIG and documents related to Mr. Mills' communications with Mr. Zayna. ECF No. 209-2. Wye Oak further requests communications with and documents received by Mr. Mills from "any agent, officer, employee, or any other person or entity affiliated with Raymond Zayna or GIG." *Id.* Defendants have numerous objections to these requests. Defendants make several specific objections to the definitions that plaintiff uses for "Iraq" and "MoD" as well as other definitions in these requests for production. ECF No. 209-7; ECF No. 209-8. Defendants also object that these requests are overly broad, not limited to materials that are relevant to this case, and not proportional to the needs of this case. ECF No. 209-7; ECF No. 209-8; ECF No. 216. Further, defendants object that "to the extent that Attorney Mills has made notes of his meetings with Mr. Zayna relating to this Action (including those meetings referenced in Defendants' Status Reports filed in this case), such documents are privileged under the attorney work-product privilege, and, accordingly not subject to production." ECF No. 209-7; ECF No. 209-8. Defendants state that besides these privileged documents, they are not withholding any documents based on

6

their other objections and that they do not have any other responsive documents in their possession, custody, or control. ECF No. 209-7; ECF No. 209-8. Plaintiff contends that defendants' documents or facts provided by Mr. Zayna to Mr. Mills are not protected by the attorney-client or work-product doctrines. ECF No. 209-2; Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. to Compel Disc. Related to Timothy Mills, ECF No. 2019 [hereinafter ECF No. 219]. Alternatively, if documents are protected as attorney work product, plaintiff argues that such documents are discoverable because plaintiff has shown substantial need for such documents. ECF No. 209-2; ECF No. 219. In addition, plaintiff argues that defendants have waived any privilege because defendants have not provided a privilege log. ECF No. 209-2; ECF No. 219.

The Court does not analyze whether the requested documents were validly withheld based on the assertion of attorney-client privilege and attorney work-product doctrine or whether plaintiff has demonstrated substantial need to overcome the work-product protection because defendants have waived any assertion of attorney-client privilege or attorney work-product doctrine by not providing a privilege log. The Federal Rules of Civil Procedure provide that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). The D.C. Circuit has declared that "the proponent of a privilege bears the burden of demonstrating facts sufficient to establish the privilege's applicability." *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 750 (D.C. Cir. 2006). A party asserting the work product doctrine also bears the burden of establishing that the doctrine. *Competitive Enter. Inst. v. United States*

7

*Envtl. Prot. Agency*, 232 F. Supp. 3d 172, 184 (D.D.C. 2017); *see also United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). In order to meet this burden, the party claiming the privilege must demonstrate "the applicability of the privilege by way of affidavits or other competent evidence." *Alexander v. FBI*, 186 F.R.D. 102, 111 (D.D.C. 1998) (citing *Odone v. Croda Int'l PLC*, 950 F.Supp. 10, 12 (D.D.C. 1997)). Further, this Court has determined that the "descriptions of the documents over which the privilege is claimed must provide enough information for the court to 'determin[e] whether the privilege was properly invoked.'" *Zelaya v. UNICCO Serv. Co.*, 682 F. Supp. 2d 28, 38 (D.D.C. 2010) (quoting *Alexander v. FBI*, 192 F.R.D. 42, 45 (D.D.C. 2000)). An assertion of privilege alone does not suffice to meet this burden. *Lohrenz v. Donnelly*, 187 F.R.D. 1, 7 (D.D.C. 1999); *see, e.g., Dir. of Office of Thrift Supervision v. Ernst & Young*, 795 F. Supp. 7, 11–12 (D.D.C. 1992) (adopting the plaintiff's proposed requirements for a privilege log that required the defendant in the case to identify each withheld document and to "state the basis upon which the privilege is claimed, . . . state the subject matter, number of pages, author, date created, and the identity of all persons to whom the original or any copies of the document were shown or provided"); *see also Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541–42 (10th Cir. 1984). Thus, to the extent that the defendants are withholding any responsive documents under assertions of attorney-client or work-product privilege, the Court orders that these documents must be produced because defendants have not met their burden of establishing that either doctrine applies.

<u>Conclusion</u>

    Accordingly, the Court will:

- **ORDER** defendants to state which documents specifically were already produced to Wye Oak that are responsive to Request No. 1;

8

- **ORDER** defendants via affidavit to describe their efforts to search for responsive documents to Request No. 2. If, after a thorough search is conducted, defendants find that there are no responsive documents in their possession, custody, or control, the Court will **ORDER** defendants to state this via affidavit;

- **ORDER** defendants via affidavit to describe their efforts to search for responsive documents to Request Nos. 3–4 and 6–9. If, after a thorough search is conducted, defendants find that there are no responsive documents in their possession, custody, or control, the Court will **ORDER** defendants to state this via affidavit;

- **ORDER** defendants via affidavit to describe their efforts to search for responsive documents to Request No. 5. If, after a thorough search is conducted, defendants find that there are no responsive documents in their possession, custody, or control, the Court will **ORDER** defendants to state this via affidavit. If defendants withhold responsive documents based on objections, the Court will **ORDER** defendants to state what particular documents are being withheld pursuant to specific objections;

- **ORDER** defendants to produce any responsive documents to Requests No. 11–15 that were previously withheld under assertions of attorney-client or work-product privilege; and

- **DENY** plaintiff's motion to compel defendants to produce documents in response to Request No. 10 without prejudice.

A separate order will issue on this date.

SIGNED this 13th day of September, 2018.

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge