UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WYE OAK TECHNOLOGY, INC., <br> Plaintiff, <br><br> v. <br><br> REPUBLIC OF IRAQ, *et al.*, <br> Defendants. | Civil No. 1:10-cv-01182-RCL |

## MEMORANDUM OPINION

The Court has before it the "Defendants Republic of Iraq and Ministry of Defense Motion to Revise Scheduling Order [Dkt. #191] as Amended [Dkt. #196] to Further Extend Expert Discovery Dates by an Additional 45 Days" and "Defendants' Motion for Expeditious Amendment of Scheduling Order." Defs.' Mot. to Revise Scheduling Order, ECF No. 213; Defs.' Mot. for Amendment of Scheduling Order, ECF No. 302. These motions are **DENIED** because defendants' have not provided good cause for amending the Court's scheduling order regarding fact and expert discovery dates.

The Federal Rules of Civil Procedure provide that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to amend a scheduling order, the Court must primarily assess the diligence of the party that is seeking amendment to the scheduling order in seeking discovery before the deadline. *Barnes v. D.C.*, 289 F.R.D. 1, 7 (D.D.C. 2012); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . If the party was not diligent, the inquiry should end."). This case is over nine years old and discovery

1

first began in 2013. Yet defendants did not begin serving discovery requests until late February 2018. Defendants' lack of willingness to participate in discovery until extremely late in the process does not constitute good cause to re-open fact or expert discovery.

Defendants' Motion to Re-Open Fact Discovery is Denied

Defendants argue that fact discovery should be re-opened because plaintiff did not disclose certain documents in a timely manner, did not disclose certain trial witnesses as having knowledge on critical issues in a timely manner, failed to make plaintiff's "supplemental" Rule 26 document disclosures in a timely manner, and articulated factual contentions in an untimely manner.

First, defendants' claim that plaintiff did not disclose four documents to them in a timely manner is unfounded. Rule 26(e) broadly requires that a party supplement its disclosure "in a timely manner." Plaintiff complied with this requirement. Plaintiff provided defendants the "MOD financial analysis of MOD 2004 Expenditures" document and the Nick Beadle memorandum titled "Iraq MOD High Level Analysis of Financial Transfers 2004" a short time after plaintiff met with Mr. Beadle in April 2018. During this meeting, Mr. Beadle informed plaintiff's attorneys that he might have documents that were relevant to this litigation, and offered to provide plaintiff with copies of the documents. Plaintiff then disclosed the documents to defendants as a supplemental disclosure shortly after plaintiff received these documents from Mr. Beadle. Courts in multiple circuits, including a fellow district court in this circuit, have held that parties have a duty to supplement disclosure even after the close of discovery. *Iweala v. Operational Technologies Services, Inc.*, No. CV 04-02067, 2010 WL 11583114, at *1 (D.D.C. Apr. 13, 2010); *Episcopo v. General Motors Corp.*, No. 02 C 8675, 2004 WL 628243, at *7 (N.D. Ill. Mar. 29, 2004) (finding that "the language of Rule 26(e)(2) is broad enough to require supplemental disclosures under

2

certain circumstances, regardless of whether discovery has closed"); *Pizza Pub. Co. v. Tricon Global Rest., Inc.*, No. 99 CIV. 12056, 2000 WL 1457010, at *1 (S.D.N.Y. Sept. 29, 2000) ((Rule 26(e) "makes no distinction between information—including documents—acquired prior to and after the conclusion of fact discovery (or indeed of any discovery)"). In fact, having a duty to supplement that goes up until the trial date serves Rule 26's purpose of promoting liberal discovery and preventing surprises at trial. *Iweala*, 2010 WL 11583114, at *1. Therefore, plaintiff complied with its Rule 26(e)(1)(A) obligation to supplement its disclosure in a timely manner.

Further, defendants had identified Mr. Beadle as a defense witness in February 2018. This means that defendants could have also met with Mr. Beadle and potentially received these relevant documents from him prior to the discovery period ending. Defendants' decision not to speak with Mr. Beadle cannot constitute good cause to allow defendants to re-open fact discovery as defendants must bear responsibility for not diligently conducting discovery and obtaining these documents prior to the discovery period closing.

In addition, plaintiff complied with its obligations to supplement its disclosures when it produced the article titled "Defense Solutions to Rebuild T-72 Tanks and Other Military Vehicles for the Iraqi Army" and the email from C. Clements to J. Quinn with the subject "Photos." These documents were disclosed prior to fact discovery closing on April 2, 2018, and defendants have not provided any evidence that plaintiff withheld these documents for any period of time. Defendants argue that these documents were not provided until after the date on which the promulgation period ended for document requests, interrogatories, and requests for production, which prohibited them from obtaining discovery regarding these documents. This argument is misplaced. Plaintiff was not under an obligation to file its supplemental disclosures prior to the March 3, 2018 date that defendants cite as the cutoff point. The Rules simply do not contain a strict

timing requirement for supplementation. As stated previously, having supplemental disclosure continue—even up until the trial date—serves the purpose of Rule 26. Accordingly, plaintiff did not fail to meet its Rule 26 disclosure obligations and good cause does not exist to re-open fact discovery based on these documents.

Second, defendants' claim that plaintiff did not disclose certain trial witnesses as having knowledge on critical issues in a timely manner is not accurate. Plaintiff identified Mr. Neal, Mr. Marr, and Mr. Beadle as witnesses in plaintiff's initial Rule 26 disclosures in September 2013. Pl.'s Rule 26(a)(1) Initial Disclosures, ECF 305-2. Plaintiff's initial Rule 26 disclosures in 2013 stated that these three witnesses were expected to testify about alleged corruption within MoD and the impact of the alleged corruption on Wye Oak. *Id.* Defendants' own Rule 26 disclosure in 2013 identified Mr. Clements as a witness. Defs.' Rule 26(a)(1) Initial Disclosures, ECF 305-7. Further, plaintiff's First Amended Complaint, which was filed in March 2015, noted Mr. Zayna's alleged insertion into the Broker Services Agreement (BSA) and involvement with the alleged breach of the BSA. Pl.'s First Verified Am. Compl., ECF 122. Thus, defendants had notice about these witnesses and about the issues that defendants now claim they did not have the opportunity to investigate. Defendants must once again bear responsibility for their own lack of diligence in conducting discovery related to these matters. Good cause does not exist to re-open fact discovery regarding these witnesses and the issues they have knowledge about.

Third, the Court is not persuaded to re-open fact discovery based on defendants' claim that plaintiff did not timely supplement its document disclosure of certain photographs. Again, the Court focuses on the diligence of the party that is seeking amendment to the scheduling order in seeking discovery before the deadline. Defendants were aware of the existence of many of these photographs for years and could have requested these photographs during discovery. The fact that

defendants did not engage in a thorough discovery process does not constitute good cause to re-open fact discovery. Further, plaintiff's supplemental disclosures of photographs after the March 3, 2018 date that defendants cite as the cutoff point for propounding discovery does not constitute a failure on the part of plaintiff to timely disclose. Rule 26 does not contain a strict timing requirement for supplementation, and courts have found that having supplemental disclosure continue—even up until the trial date—serves the purpose of Rule 26. *Iweala*, 2010 WL 11583114, at *1.

Fourth, although defendants claim that plaintiff articulated factual contentions in an untimely manner, defendants did not make a timely motion to compel this information. Defendants' motion to compel responses to their discovery requests regarding these issues was filed before plaintiff's responses were due. This Court denied that motion without prejudice as premature. Order, ECF 315. Defendants have not presented any additional information in this current motion that indicate there is good cause to re-open fact discovery based on plaintiff's factual contentions. Also, plaintiff alleges that defendants exceeded the maximum number of interrogatories set by this Court and that plaintiff objected to the timing of defendants' requests for production. Again, defendants have not made a timely motion to compel plaintiff to answer the interrogatories or to comply with the requests for production. The Court has no information to indicate that plaintiff did not comply with its discovery obligations regarding these matters. Therefore, the Court is unconvinced to re-open fact discovery based on the information provided by defendants.

Defendants' Motion to Re-Open Expert Discovery is Denied

Defendants also argue that expert discovery should be re-opened because defendants did not have funds to hire rebuttal experts. Defendants state that Iraq's delay in passing a 2018 federal budget caused this shortage of funds and allege that this constitutes good cause for the Court to extend the expert discovery period. However, defendants have known since at least September 2013 that plaintiff planned to retain an economics expert to testify about damages as plaintiff disclosed this information in its Rule 26 initial disclosures. Defendants' lack of diligence in conducting discovery and decision to wait until such a late stage to hire rebuttal experts does not justify re-opening expert discovery. Defendants must face the consequences of waiting so long to hire rebuttal experts, and the consequence here is that they did not have the funds to hire rebuttal experts. Thus, the Court finds that there is not good cause to re-open expert discovery.

## Defendants' Motions to Re-Set the Date for the Parties to File Amended/New Dispositive Motions and to Re-Set the Date for the Parties to File Pretrial Statements are Denied

Because the Court will deny defendants' motion to re-open fact discovery and expert discovery, defendants' motions to re-set the date for the parties to file amended/new dispositive motions and date for parties to file pretrial statements will also be denied.

## Defendants' Motion to Adjourn the Previous Pretrial Conference and Trial Dates is Dismissed as Moot

The Court has issued a scheduling order to set a pretrial conference for December 7, 2018 and for trial to begin December 17, 2018. Therefore, defendants' motion to adjourn the previous pretrial conference and trial dates is now moot.

Conclusion

Accordingly, the Court will:

- **DENY** defendants' motion to re-open fact discovery;

- **DENY** defendants' motion to re-open expert discovery;

- **DENY** defendants' motion to re-set the date for the parties to file amended/new dispositive motions; and

- **DENY** defendants' motion to re-set the date for parties to file pretrial statements.

Further, defendants' motion to adjourn the previous pretrial conference and trial dates will be **DISMISSED AS MOOT**. A separate order will issue on this date.

SIGNED this 26th day of September, 2018.

_____

Royce C. Lamberth

United States District Judge