UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WYE OAK TECHNOLOGY, INC.,<br>    Plaintiff,<br><br>v.<br><br>REPUBLIC OF IRAQ, *et al.*,<br>    Defendants. | Civil No. 1:10-cv-01182-RCL |

## MEMORANDUM OPINION

Now before the Court is the defendants' "Motion for Leave to Take *De Bene Esse* Depositions of: Iraq Representive Mrs. Wafaa S. Muneer; MoD Representative Ali Talib; and Defendants' Iraqi Legal Expert Fakhri Kadhum" and defendants' amendment to this motion. Defs.' Mot. for Leave to Take *De Bene Esse* Deps., ECF No. 298 [hereinafter ECF No. 298]; Defs.' Amendment to Mot. for Leave to Take *De Bene Esse* Deps., ECF 307. Defendants, Republic of Iraq and Ministry of Defense of the Republic of Iraq, seek to take *de bene esse* depositions in Cairo, Egypt of Mrs. Muneer, Mr. Talib, and Mr. Kadhum to preserve their testimony for trial. These witnesses all reside in Baghdad, Iraq.

Although this jurisdiction does not have controlling case law on when *de bene esse* depositions are appropriate, the Fifth Circuit articulated three primary factors to consider in conducting this analysis in *Charles*, which have been used by other district courts. *Charles v. Wade*, 665 F.2d 661, 664–65 (5th Cir. 1982); *See, e.g., Bamcor LLC v. Jupiter Aluminum Corp.*, No. 2:08 CV 194, 2010 WL 4955545, at *1 (N.D. Ind. Nov. 29, 2010). In *Charles*, the Fifth Circuit focused on: (1) the unavailability of the witness; (2) the potential for prejudice to the opposing

1

party; and (3) whether the deposing party knew the information the potential witness would testify to prior to the deposition. *Charles*, 665 F.2d at 664–65.

First, these witnesses are all unavailable. Under Federal Rule of Civil procedure 32, a witness is considered unavailable if the "witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). These witnesses all reside in Baghdad, Iraq and are therefore outside of the United States. Defendants have not procured the absence of any of these witnesses. This means that these witnesses are unavailable.

The analysis of the second factor of whether plaintiff will suffer prejudice if defendants are allowed to conduct *de bene esse* depositions of Mrs. Muneer and Mr. Talib in Cairo, Egypt is different from the analysis in regards to Mr. Kadhum. Plaintiff will not suffer prejudice if defendants are allowed to conduct *de bene esse* depositions of Mrs. Muneer and Mr. Talib. Plaintiff will still have an opportunity to cross-examine Mrs. Muneer and Mr. Talib at their *de bene esse* depositions. Plaintiff may either attend these depositions in person or if plaintiff elects to participate remotely, defendants shall make means available to do so. Further, defendants have requested that the Court order the parties to meet and confer to set the specific dates for the *de bene esse* depositions and order the parties to give joint notice of the dates to the Court. This provides another layer of protection for plaintiff to reduce potential prejudice by ensuring that plaintiff can negotiate dates for the depositions of Mrs. Muneer and Mr. Talib to occur that provides plaintiff adequate time to prepare for the depositions. *See Charles*, 665 F.2d at 665.

However, plaintiff will suffer prejudice if defendants are allowed to conduct *de bene esse* deposition of Mr. Kadhum. Mr. Kadhum was previously deposed in June 2018 in Beirut, Lebanon. Plaintiff already incurred great expense to conduct that deposition. Defendants could have taken

Mr. Kadhum's *de bene esse* deposition during that trip but elected not to. Allowing defendants to take leave now to take Mr. Kadhum's *de bene esse* deposition would lead to significant expense on the part of plaintiff that could have been avoided. This is significantly more prejudicial to plaintiff than the situation in regard to Mrs. Muneer and Mr. Talib.

Defendants argue that Mr. Kadhum is unable to attend trial because he is experiencing health problems that preclude him from traveling on long flights. However, defendants have not provided any evidence to substantiate this claim. Defendants have only provided the Court with a conclusory assertion that Mr. Kadhum is ill and cannot travel from Baghdad to Washington, D.C., and a statement from Mr. Kadhum declaring that he is "under medical treatment for high blood pressure and other ailments" and that his physician advised him against traveling on long flights. ECF No. 298; Decl. Fakhri Kadhum, ECF No. 298-1. These conclusory statements, which are not accompanied by any evidence from Mr. Kadhum's physician, are insufficient to convince the Court to allow defendants to take leave to take Mr. Kadhum's *de bene esse* deposition. Defendants have not elaborated on Mr. Kadhum's medical ailments and have not explained why Mr. Kadhum cannot travel on long flights. *See Weiss v. First Unum Life Ins.*, No. CIV.A. 02-4249 (GEB), 2010 WL 1027610, at *2 (D. N.J. Mar. 16, 2010) (finding that although the plaintiff had put forward some evidence about the his declining health to support his motion to take his *de bene esse* deposition, the statements made by the plaintiff's doctor and arguments made by the plaintiff's counsel were insufficient to warrant the plaintiff's *de bene esse* deposition because the statements were conclusory and lacked sufficient evidentiary support). Therefore, the Court finds defendants' argument that Mr. Kadhum is unable to attend trial because he is experiencing health problems to be insufficient. Defendants must suffer the consequences of electing not to take Mr. Kadhum's *de bene esse* deposition at the time plaintiff traveled to Beirut several months ago to depose Mr.

Kadhum. Defendants cannot escape the consequences by forcing plaintiff to possibly expend significant sums of money to travel to Cairo, Egypt to engage in another deposition of Mr. Kadhum.

The third factor from *Charles* weighs in defendants favor. Defendants know the information that these witnesses will testify to at their depositions. Defendants are not seeking to discover these witnesses' testimony after the discovery period has closed. Instead, defendants are solely seeking a means to introduce these witnesses' testimony at trial. Defendants are entitled to present their witnesses at trial.

Ultimately, the potential for prejudice to plaintiff if the Court allowed defendants to take *de bene esse* deposition of Mr. Kadhum is too great to allow. The Court **DENIES** defendants motion for leave to take Mr. Kadhum's *de bene esse* deposition. The Court **GRANTS** defendants motion for leave to take Mrs. Muneer and Mr. Talib's *de bene esse* depositions because the three factors from *Charles* indicate that *de bene esse* depositions are appropriate for those witnesses.

The Federal Rules of Civil Procedure permit defendants to use the *de bene esse* depositions of Mrs. Muneer and Mr. Talib at trial, and to use the June 2018 deposition of Mr. Kadhum at trial if he is not present. Rule 32 provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). Again, Mrs. Muneer, Mr. Talib, and Mr. Kadhum all reside outside the United States—these witnesses reside in Baghdad, Iraq. Defendants have not procured any of these witnesses' absences. Therefore, under Rule 32, defendants may use the *de bene esse* depositions of Mrs. Muneer and Mr. Talib, and may use the June 2018 deposition of Mr. Kadhum at trial. Defendants must suffer

the consequences of the fact that defendants did not elect to take Mr. Kadhum's *de bene esse* deposition during the trip to Beirut for Mr. Kadhum's deposition several months ago.

The Court stresses that if this was a jury trial in which the jury had to weigh the credibility of witnesses, the Court may weigh the factors analyzed in this opinion differently. The Court may be less willing to allow a party to take leave to take *de bene esse* depositions of individuals who are employed by the party in that situation. However, because this is a bench trial, the Court is not as concerned about this issue. The Court suspects that other parties will not be inclined to take *de bene esse* depositions of witnesses except in rare circumstances because such a strategy would be unlikely to enhance the credibility of their witnesses. Also, the Court must express great displeasure with defendants regarding the fact that defendants failed to produce Mrs. Muneer and Mr. Talib as deposition witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6)—which this Court sanctioned defendants for—and are now taking *de bene esse* depositions of Mrs. Muneer and Mr. Talib in Cairo, Egypt.[1] Defendants' actions border on disregard for the Court's processes.

Accordingly, the Court **GRANTS** leave to defendants to take *de bene esse* depositions of Mrs. Muneer and Mr. Talib in Cairo, Egypt. The Court **DENIES** leave to defendants to take *de bene esse* deposition of Mr. Kadhum. Further, the Court **ORDERS** counsel for the parties to meet and confer to set the specific dates for the *de bene esse* depositions of Mrs. Muneer and Mr. Talib and **ORDERS** the parties to give joint notice to the Court of the dates. It is **FURTHER ORDERED** that at the election of plaintiff, plaintiff may participate in the *de bene esse* depositions of Mrs. Muneer and Mr. Talib by remote video means. Plaintiff may so elect by giving written notice to defendants' counsel at least five days prior to the first deposition. If plaintiff so elects,

---

[1] Plaintiff did not make a motion to compel defendants' representatives to appear at the Rule 30(b)(6) depositions. Plaintiff did make a motion for discovery sanctions for defendants' failure to produce deposition witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6), which this Court granted in part. Order, ECF No. 321.

defendants shall make the necessary arrangements for the video transmission by Skype or other reliable means. A separate order will issue on this date.

SIGNED this 9th day of October, 2018.

*Royce C. Lamberth*
Royce C. Lamberth
United States District Judge