## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WYE OAK TECHNOLOGY, INC.,**<br>**Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Civil No. 1:10-cv-01182-RCL** |
| **REPUBLIC OF IRAQ,** *et al.*,<br>**Defendants.** | ) ) ) ) ) | |

## MEMORANDUM OPINION

Now before the Court is "Plaintiff's Motion and Memorandum Points and Authorities in Support of its Motion to Exclude Defendants' Iraqi Law Expert." Pl.'s Mot. to Exclude Defs.' Iraqi Law Expert, ECF No. 233 [hereinafter ECF No. 233]. Plaintiff, Wye Oak, seeks to strike defendants', Republic of Iraq (Iraq) and Ministry of Defense of the Republic of Iraq (MoD), Iraqi law expert (Fkhri Abdul Hussain Kadhum), seeks to strike Mr. Kadhum's reports, and moves for sanctions in the form of expenses and costs for deposing Mr. Kadhum. Plaintiff argues that:

> (1) Mr. Kadhum failed to turn over all documents upon which his report relied, as
> required by Rule 26(a)(2)(B); (2) Defendants lied to both the Court and Wye Oak
> as to the reasons for their delays and requests for extra time; (3) Defendants'
> counsel impermissibly coached the witness during the course of his deposition; and
> (4) Mr. Kadhum had a material conflict of interest that precludes his objectivity as
> an expert witness because he serves as counsel to Defendants' principal witness,
> Raymond Zayna, and he impermissibly acted as an advocate.

ECF No. 233. The Court addresses each of these arguments below and ultimately finds them unpersuasive.

<u>Plaintiff's Argument that Mr. Kadhum Failed to Turn Over all Documents</u>

Plaintiff alleges that Mr. Kadhum failed to provide all documents that he relied on in preparing his expert report. Federal Rule of Civil Procedure 26(a)(2) requires expert reports to contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them" and "(ii) the facts or data considered by the witness in forming them [the opinions]." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). During plaintiff's deposition of Mr. Kadhum in June 2018, Mr. Kadhum stated "I think I still have some documents which is [sic] not listed in my report."[1] ECF No. 233. Plaintiff argues that Mr. Kadhum should be excluded as a witness under Rule 37(c) because of his alleged failure to provide all documents under Rule 26. Rule 37(c)(1) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendants argue that plaintiff misconstrues Rule 26's obligations and allege that Mr. Kadhum has produced all exhibits used to summarize or support his opinions to plaintiff. Mr. Kadhum provided the Court with a sworn declaration stating: "When I said 'I think I still have some documents which is not listed in my report', I said 'I think' because I was not in fact completely sure that was true." Decl. Fakhri Kadhum, ECF No. 240-1. Defendants conducted a review and did not find any additional documents that Mr. Kadhum relied on that were not appended to his expert report. Defs.' Opp'n to Pl.'s Mot., ECF No. 240.

---

[1] This statement was in response to plaintiff's question: "So you are telling me that every fact other than the metadata fact, every fact that's reflected in any of your reports, you got from the documents that you list on the report?" ECF No. 233.

The Court is well aware that there is a trust deficit between the parties in this litigation. The Court does not have any information, other than an ambiguous statement from Mr. Kadhum (who is not a native English speaker), which Mr. Kadhum has since said was not a precise statement, to indicate that Mr. Kadhum may have failed to provide the required documents pursuant to Rule 26. Therefore, the Court cannot exclude Mr. Kadhum or strike his reports based on this largely speculative ground.

Also, plaintiff specifically cites that Mr. Kadhum testified that Mr. Timothy Mills was the source of the information supporting Mr. Kadhum's report's discussion of metadata contained in the First Amendment to the Broker Services Agreement. Pl.'s Reply, ECF No. 248. Plaintiff is correct that Rule 26's disclosure obligation extends to any facts or data that are considered by the expert in forming the expert's opinions, and that this includes "all materials considered by a testifying expert, except the core opinion work-product of attorneys." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1195 (11th Cir. 2013). The Court is therefore not pleased that Mr. Kadhum did not disclose a statement of facts provided by Mr. Mills as it appears Mr. Kadhum considered the information Mr. Mill's provided regarding the metadata. However, the Court has not seen Mr. Kadhum's report and plaintiff did not provide the report to the Court as an attachment accompanying this motion. The Court will not strike part of a report that it has not even seen and will not strike Mr. Kadhum as an expert based on this.


Plaintiff's Argument that Defendants Lied to the Court and Plaintiff as to the Reasons for Defendants' Delay

Plaintiff alleges that defendants lied when defendants claimed that their initial expert became gravely ill late in the week before January 30 and had to be replaced, and that the

replacement expert needed additional time because he could not retrieve necessary documents from the Ministry of Defense. ECF No. 233. Plaintiff bases these allegations on Mr. Kadhum's testimony during his deposition. Mr. Kadhum stated that he was unaware that defendants had engaged another expert in the case prior to him. Also, plaintiff cites Mr. Kadhum's first statement that the Ministry of Justice's move was not the only reason for his report being delayed and subsequent statement the Ministry of Justice's move did not delay his report.

Defendants responded that they did not tell Mr. Kadhum about the expert that had been engaged before him. The Court is satisfied that Mr. Kadhum was not told about the defendant's prior expert, and does not find Mr. Kadhum's testimony to be evidence that defendants lied to the Court that defendants' initial expert became gravely ill. Further, Mr. Kadhum sought to clarify his statement regarding his report's delay the following day during his deposition. Mr. Kadhum specified that the Ministry of Justice's move did in fact cause his report to be delayed because he could not obtain all of the documents that he needed as a result of this move. The Court is satisfied with Mr. Kadhum's clarification and does not have reason to believe that defendants lied.

## Plaintiff's Argument that Defendants' Counsel Impermissibly Coached the Witness During His Deposition

Plaintiff argues that "[d]efendants impeded the deposition of Mr. Kadhum by (1) failing to provide all documents relied on by Mr. Kadhum as required by Rule 26(a)(2), [2] by instructing Mr. Kadhum not to bring relevant documents to the deposition . . . and (3) by coaching Mr. Kadhum to impeach his earlier testimony in an effort to cure Mr. Kadhum's disclosure of [d]efendants' bad faith." *Id.*

The Court has already stated that it does not have information to indicate that Mr. Kadhum failed to provide the required documents pursuant to Rule 26. Also, the Court does not have evidence that Mr. Kadhum did not bring relevant documents to the deposition as a result of any untoward instruction by defendants. Defendants refute plaintiff's third allegation by claiming that Mr. Mills only sought to clarify pieces of Mr. Kadhum's testimony regarding the date Mr. Kadhum was first asked to serve as defendants' expert and Mr. Kadhum's reasons for needing an extension of time to complete his initial expert report. The Court does not find evidence that Mr. Mills acted improperly. Mr. Mills appears to have sought to elicit clarifying testimony from Mr. Kadhum regarding statements that Mr. Kadhum made. Accordingly, the Court does not find merit in plaintiff's argument that defendants' counsel impermissibly coached the witness during his deposition.

## Plaintiff's Argument that Mr. Kadhum Had a Material Conflict of Interest

Finally, plaintiff argues that the Court should exclude or otherwise disregard Mr. Kadhum's expert disclosures because he allegedly has a conflict of interest. Mr. Kadhum has provided legal representation to Mr. Raymond Zayna, who is defendants' witness in this case. Plaintiff alleges that this is a conflict of interest that precludes Mr. Kadhum from being objective and makes Mr. Kadhum's testimony unreliable. The Court finds this argument to be unpersuasive. Mr. Kadhum's previous legal representation of Mr. Zayna does not preclude Mr. Kadhum from being objective.

Also, plaintiff argues that Mr. Kadhum's reports contain numerous instances in which he acts as an advocate instead of an expert. The Court does not believe that it is appropriate to exclude Mr. Kadhum as an expert based on the fact that his opinions may align with defendants positions

in this case and that some of his statements may be argumentative and conclusory. Ultimately, the Court is capable of assessing Mr. Kadhum's credibility as an expert witness.

## Conclusion

Accordingly, the Court **DENIES** plaintiff's motion to strike defendants' Iraqi law expert, **DENIES** plaintiff's motion to strike Mr. Kadhum's reports, and **DENIES** plaintiff's motion for sanctions in the form of expenses and costs for deposing Mr. Kadhum. A separate order will issue on this date.

SIGNED this ___ day of October, 2018.

Royce C. Lamberth
United States District Judge