UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WYE OAK TECHNOLOGY, INC.,<br>    Plaintiff,<br><br>  v.<br><br>REPUBLIC OF IRAQ *et al.*,<br>    Defendants. | Civil No. 1:10-cv-01182-RCL |

## MEMORANDUM OPINION

The Court previously granted plaintiff Wye Oak's motion to require defendants, Republic of Iraq (Iraq) and the Ministry of Defense of Iraq (MoD), to pay Wye Oak's reasonable attorney's fees associated with Wye Oak's motion for discovery sanctions for Iraq and MoD's failure to produce Rule 30(b)(6) witnesses for deposition. ECF No. 321. Now before the Court is Wye Oak's application detailing attorney's fees expended in opposing Iraq and MoD's untimely motion for a protective order regarding Wye Oak's Rule 30(b)(6) deposition notices [326], Wye Oak's application detailing attorney's fees expended in preparing Wye Oak's motion for sanctions [326], and Iraq and MoD's response to Wye Oak's application for such attorney's fees [332].

Wye Oak originally stated that the total attorney's fees expended for its opposition to Iraq and MoD's motion for a protective order regarding Wye Oak's Rule 30(b)(6) depositions was $11,148.50.[1] Wye Oak filed a reply [334] correcting some of the timekeeper entries originally

---

[1] The attorney's fees from Whiteford, Taylor & Preston LLP totaled $10,671.50 and the attorney's fees from Quinn, Racusin & Gazzola Chartered totaled $477.00 for this opposition filing.

1

provided to the Court.[2] The corrected total attorney's fees expended for Wye Oak's opposition filing is $9,671.[3]

Wye Oak originally stated that the total attorney's fees expended for Wye Oak's motion for sanctions and accompanying reply was $41,972.[4] Wye Oak again corrected some of the timekeeper entries originally provided to the Court in a reply filing [334]. The corrected total attorney's fees expended by Wye Oak for its sanctions motion and reply in support of that motion is $41,592.[5]

Iraq and MoD oppose these awards as unreasonable on numerous grounds. Iraq and MoD allege that numerous time entries are block-billed, partially redacted, and include vague descriptions, making it difficult to determine whether the entry was actually related to the issue on which fees were awarded. They also argue that Wye Oak's staffing of the work was unreasonable because Wye Oak did not sufficiently delegate work to more junior attorneys. Further, they contend Wye Oak included fees for work unrelated to the relevant opposition filing or sanctions motion. Finally, Iraq and MoD believe that the fees claimed by Quinn, Racusin & Gazzola are unreasonable because they are duplicative of the work done by Whiteford, Taylor & Preston LLP and because Wye Oak is not obligated to pay attorney's fees to Quinn, Racusin & Gazzola.

The Court has significant discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court will first analyze the attorney's fees expended for

---

[2] Although the Court did not invite Wye Oak to submit a reply in its Order [321] on Wye Oak's motion for sanctions [228], the Court will accept this reply filing because it contains corrections to Wye Oak's original filing regarding its attorney's fees expended, and includes certain background factual information that is helpful to the Court in analyzing the proper amount of attorney's fees to award.
[3] The corrected attorney's fees from Whiteford, Taylor & Preston LLP total $9,671 and the corrected attorney's fees from Quinn, Racusin & Gazzola Chartered total $0.
[4] The attorney's fees from Whiteford, Taylor & Preston LLP totaled $27,232.00 and the attorney's fees from Quinn, Racusin & Gazzola Chartered totaled $14,740 for this opposition filing.
[5] The corrected attorney's fees from Whiteford, Taylor & Preston LLP total $26,852.50 and the attorney's fees from Quinn, Racusin & Gazzola Chartered were calculated correctly originally at $14,740.

Wye Oak's opposition to Iraq and MoD's motion for protective order regarding Wye Oak's Rule 30(b)(6) depositions. Subsequently, the Court will analyze the total attorney's fees expended for Wye Oak's motion for sanctions and reply in support of this motion.

I. **Attorney's Fees Expended in Preparing Wye Oak's Opposition Filing**

The Court finds that an appropriate sanctions award for Wye Oak's attorney's fees expended in preparing its opposition to Iraq and MoD's motion for a protective order regarding Wye Oak's Rule 30(b)(6) depositions is $6,592.50. Wye Oak successfully opposed Iraq and MoD's motion for a protective order because Iraq and MoD filed this motion in an untimely manner and therefore waived any objections to the Rule 30(b)(6) depositions. ECF No. 320. Rule 37(d)(3) states that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to appear for a deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Iraq and MoD's failure to produce deposition witnesses pursuant to Rule 30(b)(6) was not substantially justified and requiring them to pay Wye Oak's reasonable attorney's fees is not unjust. Accordingly, the Court will award Wye Oak for the fees expended in having to oppose Iraq and MoD's motion for a protective order.

Although Wye Oak contends that total attorney's fees expended for Wye Oak's opposition filing was $9,671, the Court finds that the entry made on March 17, 2018 by Mr. Eric Rowe is unacceptably vague. This entry contained the description: "Revise and edit discovery motions." ECF No. 326-2. This description inadequately documents what Mr. Rowe was working on. The Court cannot assess whether this entry was truly related to Wye Oak's opposition. *See In re Meese*, 907 F.2d 1192, 1203–04 (D.C. Cir. 1990). The Court is especially unconvinced that this time was spent working on the opposition filing because this entry came several days prior to Mr. Rowe's

3

March 24, 2018 entry describing preparing the relevant opposition. ECF No. 236-2. This leads the Court to think that the March 17 entry was actually not for revising and editing the relevant opposition filing, as this filing had apparently not yet been prepared. Accordingly, the Court will reduce the award to Wye Oak by the amount for the March 17 entry, $3,078.50.

The Court does not take any other issue with the fee entries described in preparing Wye Oak's opposition filing. The other entries adequately describe the work performed and enable the Court to determine that the work done was related to the opposition filing. The Court is not troubled by Wye Oak's block billing and redactions for these entries either. Counsel for Wye Oak, C. Allen Foster, filed a declaration in support of Wye Oak's application for attorney's fees stating that he eliminated entries that could be construed as duplicative, reduced the amount of time expended in certain instances, and excluded time spent working on other issues. ECF No. 326-1. Wye Oak has indeed apparently redacted descriptions that are not relevant to the opposition filing and has reduced the time expended for these redacted entries. The remaining descriptions and time expenditures all appear to be related to the relevant filing and to be reasonable fee amounts.

Further, the Court does not believe that Wye Oak engaged in overstaffing as Iraq and MoD allege. Mr. Rowe, counsel with an hourly rate of $655, expended 7.8 hours (after the Court removes the March 17, 2018 entry), and Mr. Adrian Snead, an associate with an hourly rate of $345, expended 4.3 hours for this opposition filing. The Court is not bothered that Mr. Rowe spent slightly more time on this filing than Mr. Snead even though his hourly rate was higher. Mr. Rowe was the lawyer who prepared this opposition filing. The Court recognizes that senior attorneys draft filings and are not solely responsible for supervising associates' work. This is not a situation in which a senior attorney conducted the vast majority of work on an issue and did not delegate work to a mid-level associate over an extended array of motions, or in which a senior attorney

4

expended a significant amount of time doing administrative work. Thus, the Court does not find Iraq and MoD's arguments persuasive for the fee entries described in preparing Wye Oak's opposition filing besides the entry made on March 17, 2018, which the Court will not allow fees for. Accordingly, the Court will award Wye Oak $6,592.50 in attorney's fees for its opposition filing.

## II. Attorney's Fees Expended in Preparing Wye Oak's Motion for Sanctions and Reply

The Court will not award Wye Oak all of its attorney's fees expended for its motion for sanctions and reply in support of this motion because Iraq and MoD largely prevailed on this motion. ECF No. 321. Wye Oak sought to have the Court deem numerous facts as established and to have the Court order Iraq and MoD to pay expenses caused by the failure to appear at the depositions, but only prevailed on the fees portion of its motion. The Court did not deem any facts as established as a result of this motion. Therefore, the Court does not believe it would be appropriate to award Wye Oak all of its attorney's fees for this motion and reply given that Wye Oak did not prevail in the vast majority of what it asked the Court to do. *See Copeland v. Marshall*, 641 F.2d 880, 891–92 (D.C. Cir. 1980). Nonetheless, Wye Oak still had to file a motion for sanctions to have the Court grant this motion based on Iraq and MoD's failure to produce Rule 30(b)(6) witnesses for deposition. The Court will therefore award Wye Oak a percentage of the attorney's fees expended on these filings.

Upon analyzing Wye Oak's memorandum of points and authorities in support of its motion for sanctions, the Court has determined that only pages 1 and 10–21 of this 21 page filing[6] are truly relevant to the sanctions at issue. The other pages in this filing detail the background to this

---

[6] This filing is technically 22 pages in total, but the 22nd page solely consists of the attorneys' signatures who submitted this filing and does not contain any substantive argument. Therefore, the Court will not count this 22nd page.

case (which has been detailed in numerous filings during this litigation), attack Iraq and MoD's proffered defenses, and criticize Iraq and MoD's alleged failure to adequately participate in discovery. These discussions were unnecessary for the sanctions motion. Accordingly, the Court will only award Wye Oak the percentage of attorney's fees expended that is commensurate with the percentage of pages in this filing that were actually relevant to the sanctions matter at issue. 13 out of 21 pages in the motion were relevant, which amounts to 61.90%. The Court will therefore award Wye Oak 61.90% of its requested attorney's fees. Wye Oak expended a total of $26,711.00 in preparing this motion and 61.90% of this amount equals $16,534.11. Thus, the Court will award Wye Oak $16,534.11 in attorney's fees for this motion for sanctions.

The Court takes the same approach to determine the attorney's fees that Wye Oak should receive for preparing its reply in support of its sanctions motion. Only pages 1–3 of this 7 page filing[7] were truly necessary for rebutting the arguments put forward by Iraq and MoD in their opposition [231]. The remaining pages in this reply focused on advocating for the Court to deem certain facts as established, but this argument was unsuccessful. Because only 3 out of 7 pages in this reply were relevant to the successful argument put forward by Wye Oak, the Court will award Wye Oak 42.86% of its attorney's fees expended in preparing this reply. Wye Oak expended $7,862.50 in preparing this reply and 42.86% of this amount equals $3,369.87. Thus, the Court will award Wye Oak $3,369.87 in attorney's fees for this reply.

The Court is not persuaded by any of Iraq and MoD's arguments that Wye Oak's fees for its sanctions motion and reply are unreasonable. The Court is again not troubled by Wye Oak's block billing and redactions for these entries. Based on the Court's own examination of the entries, Wye Oak appears to have redacted descriptions that are not relevant to the filings at issue and has

---

[7] This filing is technically 8 pages in total, but the 8th page solely consists of the attorneys' signatures who submitted this filing and does not contain any substantive argument. Therefore, the Court will not count the 8th page.

reduced the time expended for these redacted entries. The remaining descriptions and time expenditures appear to be related to the relevant filings and to be reasonable fee amounts. Further, the Court does not believe that any of the descriptions are overly vague as Iraq and MoD allege. All of the descriptions, including the April 17, 2018 entry specifically cited by Iraq and MoD as being too vague, provide enough information for the Court to determine that the work done was indeed related to the motion for sanctions or reply, and to determine the time entered and fees accrued for these tasks were reasonable.

Also, the Court does not believe that Wye Oak spent an unreasonable amount of time preparing its motion and reply. Wye Oak spent 82.5 hours preparing its motion for sanctions and 16.1 hours preparing its reply. These are not unreasonable numbers of hours to spend drafting motions, editing those motions, and conferring with colleagues about issues that may arise during this process. This is especially true because Wye Oak still maintains its corporate counsel, Quinn, Racusin & Gazzola, who reviews the filings and participates in the editing process, which adds to the time expended on each filing. ECF No. 335. Wye Oak delegated a significant amount of the work to associate attorneys, which gives the Court more confidence that the fees that resulted from these hours were reasonable.

The Court does not believe that the attorney's fees claims for Quinn, Racusin & Gazzola should be disallowed or that the work performed by Quinn, Racusin & Gazzola is duplicative. Quinn, Racusin & Gazzola is Wye Oak's corporate counsel and Mr. John H. Quinn is one of the signatories on all Wye Oak filings. This strongly indicates that Wye Oak has an obligation to pay attorney's fees to Quinn, Racusin & Gazolla, contrary to Iraq and MoD's allegation. In addition, Wye Oak's counsel has determined that it is appropriate for Quinn, Racusin & Gazzola to review, edit, and comment on most of Wye Oak's work-product. ECF No. 334. The Court will not question

this determination and believes that this is reasonable. Therefore, the Court finds that it is reasonable that Quinn, Racusin & Gazzola helps craft arguments, reviews documents, and participates in the editing process in addition to Wye Oak's counsel for this litigation. This does not constitute unnecessarily duplicative work. Finally, the Court does not believe that Quinn, Racusin & Gazzola engaged in overstaffing by having Mr. Quinn, who is a senior partner, spend slightly more time on these filings than an associate at the same firm. Mr. Quinn spent 12.8 hours while the associate spent 8.9 hours working on these filings. This time differential was not substantial. Mr. Quinn is a signatory on these filings and the Court expects that he reviews such documents before they are filed with the Court. Thus, the Court finds this practice to be reasonable.

### III. Conclusion

Ultimately, the Court will award Wye Oak $6,592.50 in attorney's fees for its opposition filing, $16,534.11 in attorney's fees for its motion for sanctions, and $3,369.87 in attorney's fees for its reply in support of its sanctions motion. Therefore, the Court will award Wye Oak a total of $27,596.48 in attorney's fees. The Court will order Iraq and MoD to pay Wye Oak this amount as a discovery sanction for Iraq and MoD's failure to produce Rule 30(b)(6) witnesses for deposition. A separate order will issue on this date.

SIGNED this 21st day of November, 2018.

Royce C. Lamberth
United States District Judge